## SUPREME COURT.

CATHARINE THOMAS, by RICHARD THOMAS, her next friend, `
agt. JOB D. TANNER.

It should be made to appear in every *judgment-roll*, that the judgment has been rendered by a court which has jurisdiction of the proceedings, and when issues have been joined, that those issues have been tried in some manner prescribed by law, so as to authorize the judgment.

For instance, when an issue of fact has been tried by a jury, a copy of the *verdict*, entered in the manner prescribed by the 264th section of the Code, must be inserted in the roll. If the issue has been tried before a referee, his *report* stands as the decision of the court, and must appear in the judgment-roll. In like manner, if the trial of the issue be had before the court, without a jury, the *decision* must be in writing, and becomes a necessary part of, and must be inserted in the judgment-roll. If there are any other papers which materially affect the judgment, these also should appear in the roll.

Where the clerk, in entering judgment, recited the fact that " the decision, or decree of the judge had been filed," but on referring to the document which the record contained, it turned out that it did not purport to be the decision or decree of the judge, the judgment was set aside as irregular.

The decision, which, by the 267th section of the Code, is required to be "given in writing and filed with the clerk," is a very different thing from the *opinion* which the judge may think it proper to write. The *decision* can only appear by his *signature* or *allocatur*. The *opinion* never should be carried *bodily* into the record.

*Albany Special Term, Nov.*, 1856.     *f*

MOTION to set aside judgment for irregularity.

The action was brought to compel the defendant to convey to the plaintiff certain real estate, and for other purposes. It was tried at the Columbia circuit, in January, 1856, before Mr. Justice GOULD, without a jury. On the 21st of March following, the judge delivered his opinion in writing, stating, in general terms, the principles upon which he should decide the cause. A copy of this opinion was served upon the defendant's counsel on the 1st of April.

. It appears, from a copy of the judgment-roll filed with the clerk of Columbia, which was produced upon the hearing of the

motion, that after the judge had delivered his opinion, the plaintiff's attorney proceeded to draw up a decision, which paper formed a part of the judgment-roll; that the clerk thereupon proceeded to enter judgment in the action, in which he states, that the decision, or decree in writing of the judge, has been filed in his office. A copy of this judgment is also contained in the judgment-roll.

The plaintiff's attorney stated, in an affidavit read in opposition to the motion, that "upon his decision the justice made a decree, and ordered the same to be filed in the office of the clerk of the county of Columbia;" that previous to the filing of the decree in the clerk's office, to wit, on the 30th day of June, a copy of *the decree* was served on the defendant's attorneys, and they were at the same time informed that it was the intention of the plaintiff's attorney to enter judgment upon the *decree*. At the same time two bills of costs, which by the terms of the decree were to be paid by the defendant, were adjusted. On the 7th of July judgment was perfected, and on the 11th of the same month, notice that the judgment had been docketed was served on the defendant's attorneys. The defendant moved to set aside the judgment as irregular, and, if not irregular, that he have leave to appeal from the judgment.

THEODORE MILLER, *for plaintiff.*
H. HOGEBOOM, *for defendant.*

HARRIS, Justice.   Every judgment-record, or, as it has been denominated in the Code, judgment-roll, should contain the evidence within itself that the court had authority to render judgment, and that a judgment has, in fact, been rendered by the court.   If it be a judgment upon default, besides the summons and complaint, the roll must contain evidence that the summons was served, and that no answer had been received, thus showing that the court had jurisdiction over the defendant, and that he had waived his right to defend.   If the defendant has appeared, and an issue has been joined, it must appear from the roll how that issue has been disposed of, so as to authorize

the court to proceed to judgment.   When an issue of fact has been tried by a jury, a copy of the verdict entered in the manner prescribed by the 264th section of the Code, must be inserted in the roll.   If the issue has been tried before a referee, his report stands as the decision of the court, and must appear in the judgment roll.

In like manner, if the trial of the issue be had before the court, without a jury, the decision must be in writing; and when the record is made up, the decision becomes a necessary part of it.   If there are any other papers which materially affect the judgment, these also should appear in the roll.   Thus, it should be made to appear in every judgment-roll that the judg- ment has been rendered by a court which has jurisdiction of the proceedings, and, when issues have been joined, that those issues have been tried in some manner prescribed by law, so as to authorize the judgment.   The specimens of records which are constantly to be seen in courts of review, show how often these requirements are disregarded.

Some misapprehension seems to have resulted from the use of the term " decision" in the 267th section of the Code.   I have recently seen a case where my own opinion in an action tried without a jury had been carried *bodily* into the judgment- record, and made the basis of a judgment which the attorney had conceived himself entitled to, as the result of the views expressed in that opinion.   But the decision, which, by the 267th section of the Code, is required to be " given in writing and filed with the clerk," is a very different thing from the opinion which the judge may think it proper to write.   The opinion may, and often does, serve to enable the attorney to prepare the " decision " for the judge to sign.   This is the primary office of the opinion.

But whether there be an opinion or not, there must, in every case of a trial by the court, be a *decision.*   That decision must be made by the judge.   This can only appear by his signature or *allocatur.*   In legal effect, the *decision* of the judge is like the report of a referee.   The *things* are called by different names, but mean precisely the *same thing.*   In the one case,

Catharine Thomas, &c., agt. Tanner.

judgment is to be entered upon the " decision :" in the other, upon the " report."

No one would think, I suppose, that after obtaining a written opinion from a referee which would entitle him to a judgment, he was at liberty to proceed to enter judgment, and make up a record, without the report of the referee : and yet this would be just as regular as to enter a judgment without the written decision, or *report* of the judge, who tried the case without a jury. (*See Sands* agt. *Church*, 2 *Seld*. 356.)

In this case, it cannot be tol l, from the judgment-roll, whether or not there has ever been a decision by the judge who tried the cause. The roll contains the pleadings, and these are followed by a document somewhat like a decree in chancery, but which does not purport to have been signed, or allowed by the judge, or, indeed, by anybody else. The record does not show that any decision was ever made. Of course it does not appear from anything to be found in the judgment-roll, that the plaintiff was entitled to the judgment that has been entered. It is true, that the clerk, in entering judgment, has recited the fact that " the decision, or decree of the judge has been filed ;" but on referring to the document which the record contains, it turns out that it does not purport to be the decision or decree of the judge.

The judgment, therefore, must be set aside as irregular. It would be a proper case for allowing the roll to be amended by inserting a decision signed by the judge, but for the fact that the defendant, through the inadvertence or misapprehension of his counsel, has lost his right of appeal.

Under these circumstances, it is but just that the judgment should be set aside altogether, leaving the plaintiff to perfect a new judgment, as he can easily do by procuring a decision signed by the judge who tried the cause, and thus restoring to the defendant his right of appeal.

No costs upon the motion should be allowed to either party.