Angle, J.
The plaintiff having by neglect or misunderstanding of his attorney, failed to serve notice of appeal within the time limited by the Code, now moves to set ■aside the judgment for irregularity, with a view of bringing an appeal after the entry of a new judgment.
The first irregularity assigned is that the judgment roll does not contain the verdict of the jury as required by section 1237, Code of Civil Procedure. All there is in the roll with regard to the verdict is in the recital in the copy judgment which forms part of the roll, and which is as follows: “This action having been tried by a jury at a circuit court held at the court-house in Auburn, N. Y., in and for said county, on the 7th day of May, A. D. 1886, before Hon. F. A Maoomber, and the jury having found a verdict for the defendant and against the plaintiff therein, and said verdict having been entered in the minutes of the said ■court, now, on motion of E. H. Avery, defendant’s attorney, it is hereby adjudged that the defendant recover of the plaintiff the sum of $67 74 for its costs and disbursements in said action ”
Section 1237 of the Code obviously requires what, under the practice prior to the Code, was supplied by the copy minutes of trial, (2 Burr Prac., 258), in the judgment record, the judgment roll is defective in the particular ’ claimed by the counsel for plaintiff. Defendant’s counsel argues, that though this be held a defect in the judgment roll it does not affect the judgment itself. By section 1236, Code Civ. Pro., *171 the clerk is required to keep a “judgment book,” in which each final judgment must be entered and attested by the signature of the clerk, who must note in the margin of the entry the day and year of entering it. It must specify clearly the relief granted, or other determination of the action, or of the issue. By section 1189 of the Code when a jury renders a general verdict the clerk must, upon application of the party in whose favor it is, enter judgment In conformity with the verdict, unless a different direction is given by the court, or it is otherwise specially prescribed by law. The clerk entered the judgment in this case on the 8th day of May, 1886, and a copy of it, with notice of the entry, was served on the plaintiff’s attorney, on the 10th day of May, 1886. Under section 1351 of the Code, an appeal must be taken within thirty days after service of a copy of the judgment appealed from, and a written notice of the entry thereof. My conclusion is, that this defect in the judgment roll is not ground for setting aside the judgment itself.
Another objection is made, which goes to the judgment itself, viz.: that the judgment is only for costs, and does not show upon its face, or in the record, any foundation for such judgment. The rendition of a general verdict for the defendant did not alone entitle it to a judgment for costs. It was only entitled to costs upon the rendering of final judgment in the action (Code, § 3229), and that final judgment be an adjudication specifying the determination of the action or issues. Code, § 1236. In this case the only determination of the issues is that made by the verdict; there is no final judgment of the court upon them in the judgment as entered, and “final judgment” in section 3229 means some act of the court or clerk pro forma, at least, determining the issues, for the verdict of a jury camiot be held to be a final judgment under that section. When a verdict is rendered for a plaintiff that he recover a specific sum, it is certainly requisite in a final judgment that it contain an adjudication that plaintiff recover such sum of the defendant. It would not be sufficient if • the judgment after reciting the verdict simply adjudicated that the plaintiff recover of the defendant his costs, specifying the amount of such costs. Under the old practice the judgment for defendant upon, verdict was, “that plaintiff take nothing by his suit, and that the defendant go thereof without day, and also that the defendant recover against the plaintiff the costs and charges he has expended in his defense.” 2 Gra. Prac., 339 ; Yates Plead., 805 ; see, also forms, 2 Paine & Duer’s Prac., 745. I hold that something to this effect is contained in the present practice by the requirement in section 1236 of the Code, *172 that the judgment should specify clearly the the determination of the action or issues, and that the judgment in the present case is defective in this regard.
The defect, however, is clearly amendable, and I should allow an amendment were it not necessary to do otherwise in order to give plaintiff rights which he has lost by error or mistake of his counsel as shown by the papers. There are errors in practice on both sides, and the order will be the same as in the somewhat analogous case of Thomas v. Tanner (14 How. Pr., 426, 429).
Motion to set aside judgment granted without costs.'