GARR, SCOTT & COMPANY, a Corporation, Plaintiff and Respondent, *v.* B. F. SPAULDING, Defendant and Appellant.

### Judgment Roll—Annexing Decision of Court—Waiver of Findings—Presumptions—Practice—Appeal.

1. The statute (§ 5066, Comp. Laws) construed, and held to be mandatory, and not merely directory. It is the duty of the clerk of the district court, in cases tried by the court without a jury, to annex the decision of the trial court to the judgment roll; and where, in such case, no decision is found in the record transmitted to this court on appeal from a judgment, it will be presumed, in the absence of any explanation, that no decision was made or filed in the court below. A decision is a paper "which involves the merits and necessarily affects the judgment;" and hence it forms a part of the statutory roll, under subdivision 2, § 5103, Comp. Laws, unless findings are waived in writing filed with the clerk under § 5068.

2. Where the trial is before the court without a jury, it would be irregular, and reversible error, to enter judgment without first filing the decision of the trial court, in a case where non-waiver of findings appears affirmatively from the record. In such case the judgment would be illegally entered, and invalid on its face. But the mere absence of the waiver from the judgment roll does not show error affirmatively. Such waiver would not be a part of the statutory roll; and, in the absence of a bill or statement bringing the waiver upon the record, this court will presume, in support of the judgment, the contrary nowhere appearing of record, that a waiver of findings was made and filed in the court below.

3. Where the record does not affirmatively disclose the fact of non-waiver of findings, this court will presume, in support of a judgment, that findings were duly waived.

4. Where judgment is irregularly entered, good practice requires that it should be first assailed by motion in the district court. The order made on such motion is appealable, under subdivision 2, § 5236, Comp. Laws. But where a judgment is absolutely void or illegal on its face, it will be reversed by direct appeal from the judgment; but even in such cases the better rule is to begin by motion.

(Opinion Filed Feb. 18, 1892.)

*A*PPEAL from district court, Cass county; Hon. WILLIAM B. McCONNELL, Judge.

*Spaulding & Phelps,* for appellant. *Francis & Southard,* for respondents.

Action by Garr, Scott & Co. against B. F. Spaulding for the possession or value of certain personal property. Judgment for plaintiffs. Defendant appeals. Affirmed.

The authorities relied upon by the counsel are set forth in the opinion of the court, which was delivered by

WALLIN, J. In this action, plaintiffs sue for the possession or value of certain personal property described in the complaint, and situated in the county of Cass, and claim a special property therein, by virtue of a certain chattel mortgage thereon executed in the state of Michigan. Defendant, by his answer, denies generally the allegations of the complaint, but admits that he is in possession of the property described in the complaint, and sets up ownership in himself, derived by a purchase of the property at a foreclosure sale of a certain other chattel mortgage executed and filed in said county of Cass, and a copy of which is made a part of the answer. The issues involve the question of the respective rights of the parties to the possession of the property in controversy, as such rights are affected and controlled by the two mortgages. On the 20th day of September, 1888, judgment was entered in the action by the district court as follows: "The above-entitled action coming on to be heard and determined this 20th day of September, being at the regular June, 1888, term of said court, a jury being waived, the

court, hearing the evidence introduced, and after argument by Francis & Southard, attorneys for the plaintiff, and B. F. Spaulding, attorney for the defendant, finds that the plaintiff is entitled to judgment as prayed for in its complaint; and now, upon motion of Francis & Southard, attorneys for the plaintiff, it is ordered and adjudged that plaintiff do have and recover judgment against said defendant for the return of the property described in said complaint, or the plaintiff's interest therein, which is assessed at the sum of $993.80, together with the costs and disbursements therein, taxed at $31.75." Annexed to the judgment roll is the following certificate of the presiding judge of the district court in which the judgment is entered: "I, Wm. B. McConnell, judge of the district court of the third judicial district of the state of North Dakota, do hereby certify that the above and foregoing papers, to-wit, complaint, summons, answer, statement of costs and disbursements, and judgment, are contained in and constitute the judgment roll in the above-entitled action, and the whole thereof. WM. B. McCONNELL, Judge." The enumerated papers in said certificate, and none others, are found in the record filed in this court. No statement of the case or bill of exceptions was ever settled or allowed in the action. The appeal is from the judgment. The only error assigned by the appellant is as follows: "There is manifest error upon the face of the record, in that the district court erred in rendering or entering judgment without a decision in writing and findings of fact being made and filed or waived."

The judgment recites on its face that a jury was waived, and that the court heard the evidence. In such cases the statute explicitly requires that the " decision must be given in writing, and filed with the clerk, * * * and no judgment shall.be rendered or entered until after the filing of such decision." "In giving the decision, the facts found and the conclusions must be separately stated." Comp. Laws. §§ 5066, 5067. We are of the opinion that these statutory provisions are mandatory and not merely directory. That such is the legislative intent is emphasized by the amendment (§ 1, c. 25, Sess. Laws 1887.) declaring "no judgment shall be rendered or entered until

after the filing of such decision." Before the amendment, the supreme court of California, construing the language of the section as it was originally enacted as a part of the Code of that state, repeatedly held that the requirement was mandatory. Dowd v. Clark, 51 Cal. 263. This court has also made a similar holding in Gull River Lumber Co. v. School Dist., 1 N. D. 500. The question is therefore settled in this jurisdiction.

Counsel for appellant further argues that subdivision 2, § 5103, Comp. Laws, in effect, though not in terms, requires the clerk of the district court, in making up the judgment roll in cases tried by the court without a jury, to include the decision of the district court, embracing findings of fact and conclusions of law, in the judgment roll. This argument is based upon the following language in subdivision 2, *supra:* "All orders or papers in any way involving the merits, and necessarily affecting the judgment," must be placed in the roll, etc. In this we entirely agree with appellant's counsel. The decision is required to be reduced to writing and filed, and must embrace findings of both law and fact. It is obvious, therefore, that the decision which is, in effect, among other things, an "order" for judgment, is both an "order" and a "paper" involving the essential merits, and one which necessarily not only "affects" the judgment, but actually determines the judgment to be entered. It follows that it is the duty of the clerk of the district court to include the decision of the trial court in such cases as a part of the statutory judgment roll, in all cases where a decision has been filed, and to do so as a part of his official duty, not depending upon the request of counsel or the direction of the trial court. Nor should the decision be embraced in either a bill or statement in cases where either one or the other is allowed. The decision is an essential part of the statutory judgment roll, under subdivision 2. Thomas v. Tanner, 14 How. Pr. 426; Reich v. Mining Co., 3 Utah 254, 2 Pac. Rep. 703. We further agree with counsel and hold that the fact that the decision of the trial court is not in the judgment roll, where it belongs, in the absence of any explanation of the omission, will justify this court in presuming that no decision of the district court was

ever filed in the court below. This conclusion becomes irresistible, in view of the fact that the clerk of the district court is required by the appeal statute (§ 5217, Comp. Laws) to transmit the judgment roll to this court, where, as in this case, the appeal is from the judgment. We must assume, until the contrary is made to appear, that the clerk has performed his duty under the statute, and transmitted to this court the entire judgment roll. Moreover, the district court, in compliance with a salutary rule of this court, which is intended to aid in securing the identification of the papers which enter into the judgment roll, has named each paper transmitted to this court in the roll, and declared distinctly that such enumerated papers constitute the judgment roll in the action, "and the whole thereof."

If the decision of the case turned wholly upon considerations already mentioned, it would be the duty of this court to reverse the judgment of the court below as irregularly entered, because, as we have seen, the record, and the presumptions arising from it, disclose the fact that the trial court never reduced to writing and filed its decision in this action. But the whole statute regulating decisions in such cases must be taken into account and construed together; and, when this is done, it will appear that in a class of cases the decision in writing is not indispensable. The decision may be waived. Section 5068, Comp. Laws, reads as follows: "Findings of fact may be waived by the several parties to an issue of fact (1) by failing to appear at the trial; (2) by consent in writing filed with the clerk." In this case findings were not waived by non-appearance at the trial; and hence, if waived at all, the waiver must have been made "by consent in writing filed with the clerk." No such waiver is found in the record sent to this court and no such paper is named in the judge's certificate annexed to the judgment roll. It is strenuously insisted by the appellant's counsel that this court must presume, as it did in the case of the missing decision of the trial court, that no waiver of the findings was made in fact, because if made it must be filed to be effectual under the statute. This reasoning we cannot adopt. The statute (§ 5103, Comp. Laws) does not name such a paper as a written waiver of findings as one which shall form a part of the judgment roll.

Hence the mere fact that no waiver of findings is in the judgment roll raises no presumption either way. Under the statute the clerk could not—no bill or statement embracing such waiver having been allowed—place such a paper in the roll if it were on file; and, if he did so, such waiver could not be considered by this court as a part of the record. Hayne, New Trial & App. p. 690. Nor would such waiver belong to the class of papers which, though not named in the statute, are entitled to a place in the judgment roll, viz: "Papers in any way involving the merits, and necessarily affecting the judgment." The proposition is too plain to need the support of either argument or authority that a waiver of findings could not in any supposable case involve the merits or affect the judgment, in a legal sense. The result is that this court will not presume, for the purpose of discovering error and reversing a judgment otherwise regular on its face, that the court below, in the very teeth of the statute, rendered and entered a judgment without filing a decision, and without a written waiver of such decision being filed. On the contrary, the rule is well settled that a court of review will favor every reasonable presumption necessary to support the judgment of a court of competent jurisdiction. He who alleges error in a court of review as a ground of reversing a judgment must bring the error upon the record, and make it appear affirmatively. It is a well established rule of practice in California, from which state our civil procedure is chiefly drawn, that orders and papers which do not belong in the statutory judgment roll, but are erroneously annexed to the roll by the clerk of the trial court, are alien papers, and will be stricken out on proper motion. Hence, as we have seen, the clerk of the district court could not properly place the waiver of findings in the judgment roll, in the absence of a bill of exceptions or statement which embodied the waiver, nor can the absence of the waiver be construed as error. On the contrary, it is proper, in support of the judgment, to presume, in view of the non-filing of the decision of the lower court, that such decision was duly waived. This identical question has been ruled upon in the same way by the supreme court of California in several cases. Mulcahy v. Glazier, 51 Cal. 626; Smith v. Lawrence, 53

Cal. 34; Carr v. Cronin, 54 Cal. 600; and see Hayne, New Trial & App. pp. 721, 722. If it be true, as contended orally, that no waiver of findings was ever in fact made, such an omission was an irregularity of such a character as would authorize the reversal of the judgment; but, as we have already stated, to be available, the irregularity must be made to appear of record affirmatively, and the mere absence of the waiver from the statutory roll does not make such error appear affirmatively. The legal presumption is that the waiver was filed. Hence the judgment cannot be reversed, and the assignment of error is overruled.

But, reasoning from a different standpoint—one not suggested by counsel—we reach the same conclusion, i. e., that the judgment should be affirmed. It does not appear that the attention of the trial court was called to the alleged irregularity which would be involved in entering judgment without findings, or a waiver thereof being first filed. To enter a judgment in the absence of findings or a waiver would be irregular, and a direct violation of the terms of the statute. Such a judgment would be set aside promptly by the district court on proper application therefor by motion. We suggest that in such cases, and in all cases of an irregular entry of judgment in the district court, a motion is the proper remedy. A motion is the speedier remedy, and in many cases would avoid the more tedious and expensive process of direct appeal. This is the established course of practice in the states of New York, Minnesota, and some other Code states. Thomas v. Tanner, 14 How. Pr. 426; 3 Wait, Pr. 668; 4 Wait, Pr. 637. Whether the irregularity does or does not affect the jurisdiction makes no difference. Remedy by motion is efficacious in either case. Railroad Co. v. Murphy, 19 Minn. 500 (Gil. 433); Covert v. Clark, 23 Minn. 539. Where the defect goes to the jurisdiction a motion to set aside will lie after the expiration of one year after entry of judgment. Lee v. O'Shaughnessy, 20 Minn. 173 (Gil. 157); also, cases cited in Minnesota Index Digest, pp. 299, 300. Should the trial court err in refusing to grant, or in granting, the relief by motion, an appeal would lie from the order, under subdivision 2, § 5236, Comp. Laws. Such order would be a

final order made in a "summary application in an action after judgment." The word "for," as printed in the statute (Comp. Laws), is a clerical or typographical error, and should be read "after." The same section is found in the statutes of Minnesota, and has been there quite properly construed to authorize an appeal from the order in such cases. Stocking v. Hanson, 22 Minn. 542. To correct mere irregularities, which do not affect the jurisdiction of the court to enter the judgment, and especially those which do not appear affirmatively of record, application should be first made by motion in the court below; and where the judgment is entered without jurisdiction a motion is also the better practice. Of course a judgment will be reversed on appeal if it is void on its face, but mere irregularities should be assailed by motion below. This practice was not pursued in the case at bar. It follows that the judgment must be affirmed. All concur.