(76 N. W. Rep. 985.)

---

## JAMES E. BLACK *vs.* MINNEAPOLIS AND NORTHERN ELEVATOR COMPANY.

Opinion filed October 25, 1898.

### Appeal—Printing Abstract and Brief.

> Chapter 38, Session Laws 1897, construed. *Held*, that in cases within the statute either party to an appeal may, at his option, print his abstract and brief, but cannot be required to do so by this court. *Held*, further, that disbursements incurred by such printing are not necessarily incurred in presenting a case to this court for review, and hence such disbursements are not taxable in favor of the successful party, and the same cannot lawfully enter into the judgment.

### Disbursement for Printing Disallowed.

> In this case, which falls within the statute, the appellant printed its abstract and brief on a former appeal to this court, and disbursed for such printing $59. From an order of the district court disallowing such disbursement, defendant appeals to this court. The order is affirmed.

Appeal from District Court, Traill County; *Pollock,* J.

Action, in the nature of an appeal from the ruling of the clerk of the District Court, by the Minneapolis & Northern Elevator Company against James Black, to recover, as costs, certain disbursements made in a former action in printing an abstract and brief. From a judgment for Black, the elevator company appeals.

Affirmed.

*Cochrane & Corliss,* for appellant.

*Carmody & Leslie,* for respondent.

WALLIN, J. The only question presented on this appeal relates to the allowance of the appellant's disbursements made in this court on a former appeal herein in which the appellant was successful. 7

N. D. 129. On the former appeal the appellant printed its abstract and brief, and disbursed in so doing the aggregate amount of $59. There is no controversy as to the fact that the amount stated was actually paid out for the printing. The action was brought to recover $78.65, and resulted in a judgment for the defendant. When the record on the former appeal was sent down, the costs and disbursements were taxed by the clerk of the district court in favor of the appellant, but the clerk refused to allow or tax said disbursements for printing the abstract and brief. On appeal to the district court from the ruling of its clerk, that court entered an order sustaining the ruling of the clerk, thereby disallowing the disbursements in question. From this order the defendant appeals to this Court.

In support of its contention, the appellant argues that the rules of this court sanction, and in effect require, suitors in this court, in appeal cases, to print their abstracts and briefs, and that, pursuant to such rules, the prevailing party has never been denied the right to tax up reasonable disbursements incurred in printing his abstract and brief. Another position of counsel is that this Court, as a tribunal of last resort, is possessed of inherent authority to make the rules which it has made, and that the statute also expressly confers such authority; and they cite, as supporting these positions, section 5168, Rev. Codes, also 5 Enc. Pl. & Prac. 235, and cases there cited. An examination of the provisions of the Code of Civil Procedure discloses that certain arbitrary amounts, denominated "costs," are awarded to the prevailing party by way of indemnity for his expenses in the litigation, and these allowances are given, under the circumstances stated in the statute, both in the Supreme Court and in the District Court. Rev. Codes, §§ 5574-5583. But we have failed to discover any statute of this state which, in terms or by implication, confers authority upon this Court to award suitors any disbursements incurred in presenting their cases to this Court for determination. But, despite this omission in legislation, we have no doubt (in the absence of prohibitory legislation) of the inherent power of this Court to allow reasonable disbursements made in this Court to be included in the judgment, and this could be accomplished, in the discretion of the Court, either by special order or by a general rule of court. The Supreme Court of the Territory of Dakota allowed the prevailing party his reasonable disbursements, and this practice has been continued by this Court, and this Court has uniformly permitted the prevailing party to recover his disbursements in this Court, including, with others, those incurred in printing abstracts and briefs. But the respondent contends that the legislature has prohibited any allowance for disbursements incurred in this Court for printing either abstracts or briefs, and cites chapter 38 of the Session Laws of 1897 as sustaining his contention. We think this contention is clearly right, and must be sustained. The statute states that where "the judgment appealed from,

exclusive of costs, does not exceed three hundred dollars, no printed abstracts or briefs shall be required of either party." It is conceded that the case at bar comes within the terms of the statute, but counsel for appellant argue that the statute does not, in terms or by implication, forbid suitors in this class of cases, or in any case appealed to this Court, to print their abstracts or briefs, if they are disposed to advance the funds necessary to do so; in other words, that the appellant is still permitted to print abstracts and briefs, although not required to do so, and that, because the statute does not prohibit such printing, an appellant who has elected to print should be allowed the expense thereof as a disbursement to be charged to his adversary in cases where the appellant is successful in this Court. We think the construction placed upon the statute by the appellant's counsel is inadmissible, because, if allowed, its effect would be to saddle upon the suitor who is defeated the burden of an expense of which it is the obvious policy of the statute to relieve him. We could not consistently allow any disbursement made by a suitor in this Court which is either unreasonable in amount or that is unnecessary in kind. It is plain that under this statute there was in this case no necessity of printing either the abstract or the brief of appellant, for the reason that the statute declares that in cases like this "no printed abstracts or briefs shall be required of either party." If, therefore, such printing cannot lawfully be required of either party, then to print said abstract and brief was certainly an unnecessary expenditure in this action. We agree with counsel that the statute is permissive, in the sense that either party may, at his election, print the record and his brief; but we are compelled by the terms of the statute to hold that such printing is not a necessary disbursement, and hence cannot be taxed against the defeated suitor. We trust this case will serve to call the attention of the bar to the existing omissions in the statutes with respect generally to the matter of disbursements incurred by suitors in this Court, and also to the anomalous character of the enactment found in chapter 38 of the Laws of 1897, which last is, in our opinion, well worth the careful attention of the bar. This statute covers in its scope the most important litigation and the great majority of cases, both at law and in equity, which are brought in the Courts of the state. It is by no means limited to cases including small amounts, and in which suitors may fairly be supposed to be impecunious. It is safe to say that such broad and sweeping provisions will not be found in any other state. Its enactment has certainly devolved upon this Court and upon counsel practicing here an amount and kind of work which hitherto has been deemed unnecessary labor in the Courts of last resort, and that of such a character as, in our judgment, should not be required to be performed in cases litigated here. The order appealed from is affirmed. All the judges concurring.