(80 N. W. Rep. 193.)

---

B. E. INGWALDSON *vs.* J. P. SKRIVSETH.

Opinion filed October 7, 1899.

**Costs of Printing Brief and Abstract Disallowed.**

> This action was brought to obtain equitable relief, and the amount of the judgment recovered was less than $300. Upon a former appeal to this Court the successful party disbursed $96.80 in printing an additional abstract and brief, and this disbursement was allowed, and taxed by the trial court against proper objection thereto. *Held,* following Black v. Elevator Co, 8 N. D. 96, that said disbursement was unnecessary, and hence its allowance by the court below was error.

**Modification of Judgment Disallowed.**

> Plaintiff's application to modify the language of the judgment upon the merits in such a way as to correct an alleged mistake is denied for reasons stated in the opinion.

Appeal from District Court, Traill County; *Fisk,* J.

Action by B. E. Ingwaldson, as trustee, against J. P. Skrivseth and wife. From an order affirming a taxation of costs by the clerk, plaintiff appeals.

Modified.

*B. E. Ingwaldson,* pro se.

*Carmody & Leslie,* for respondents.

WALLIN, J. Upon a former appeal of this action the respondents were successful, and this Court therein directed that the judgment of the court below in respondents' favor should be affirmed. 7 N. D. 388, 75 N. W. Rep. 772. In said former appeal the respondents printed an additional abstract and brief, and in so doing disbursed $96.80. Against objection made by the plaintiff, the said amount was taxed and allowed by the clerk of the District Court as a disbursement. This action of the clerk was, by proper proceedings, taken into the District Court for review, and that court, after hearing counsel, entered an order affirming the action of the clerk, and directing that the costs as taxed by him should be allowed, and incorporated in the judgment. To this order plaintiff saved an exception. Plaintiff appeals to this Court from such order, and from the judgment entered pursuant thereto.

The principal question presented for determination is whether the disbursements in question were lawfully taxed and allowed as a part of the respondents' disbursements in the action. This question must receive a negative answer. The case at bar must be governed by the rule announced by this Court in *Black* v. *Elevator*

*Co.,* 8 N. D. 96, 76 N. W. Rep. 984. Chapter 38, Laws 1897, construed in the case cited, is explicit, and to the effect that, whether the action is legal or equitable in its nature, no printed abstracts or briefs shall be required of either party in any case where the amount of the judgment appealed from does not exceed $300. The case at bar is strictly an action for equitable relief, and the judgment does not exceed the amount of $300; hence the expense of printing the abstract and brief was, however convenient, not a necessary disbursement in the action, and therefore cannot be taxed or allowed.

The appellant also seeks on this appeal to have the phraseology of the judgment entered below so modified as to correct an alleged mistake in the same. We think the judgment as entered, when read and considered as a whole, expresses the nature and extent of the relief intended to be granted with reasonable clearness. If, however, counsel is of a different opinion, application can be made to the District Court for relief by motion, and that is the proper course where it is sought to correct a mere irregularity in the entry of the judgment. See *Gaar-Scott & Co.* v. *Spaulding,* 2 N. D. 414, 51 N. W. Rep. 867. Whether such application in this case is now too late is a point upon which we need express no opinion. The judgment of the trial court will be modified by striking therefrom $96.80, the amount of said disbursements for printing. Plaintiff will recover costs and disbursements on this appeal. All the judges concurring.