(80 N. W. Rep. 475.)

----

## STATE OF NORTH DAKOTA *vs.* CHARLES CURRIE.

Opinion filed October 21, 1899.

### Election Day for Township Officers is not a Legal Holiday.

The first Tuesday in March, being the day upon which under the statute civil townships hold their annual township meetings, and, among other things, elect township officers, is not a legal holiday.

### Burden of Proof on Defendant to Show that Malt Liquor is not Intoxicating.

Where, in a prosecution under the prohibition law, the evidence tended to show the sale and keeping for sale of beer, it was proper for the Court to instruct the jury that beer was a malt liquor, and intoxicating, and that, if defendant claimed the beer he sold or kept on sale was not intoxicating, the burden was upon him to so show.

### Instructions Approved.

Instructions further examined, and *held* correct when construed together, and not prejudicial to defendant.

Appeal from District Court, Walsh County; *Pollock, J.*

Charles Currie was convicted of maintaining a liquor nuisance, and appeals.

Affirmed.

*De Puy & De Puy,* for appellant.

The Court was without jurisdiction to try the defendant on a legal holiday, viz: the day for holding annual township meetings. §§ 5124, 2540, Rev. Codes. It was error for the Court to instruct the jury that beer is intoxicating and that the burden was on defendant to show that the beer sold was non-intoxicating. It is not within the power of the legislature to say that non-intoxicating beers are intoxicating. There are both intoxicating and non-intoxicating beers. *State* v. *Sioux Falls Brewing Co.,* 5 S. D. 39, 58 N. W. Rep. 1. The legislative declaration that courts will take judicial notice that beer is a malt liquor and intoxicating; Subd. 25, § 10, Ch. 65, Laws 1897, does not make beer intoxicating. The power of judicial notice is to be exercised with caution. Any doubt is resolved against it. 12 A. & E. Enc. L. 152; *Brown* v. *Piper,* 91 U. S. 37. In criminal cases the state has the affirmative, and the burden of establishing every necessary element of the charge never shifts. 5 A. & E. Enc. L. (2d Ed.) 33.

*Jeff M. Meyers,* state's attorney, for respondent.

Construing §§ 5124 and 477, Rev. Codes, together and it is plain that the election "held throughout the state" mentioned in § 5124 is the general election provided for in § 477, Rev. Codes. Only a portion of the state is organized under the civil township law, hence it cannot be said that township elections are held throughout the state. For evidentiary purposes, by statute, beer is a malt liquor and intoxicating. Sub. 25, § 10, Ch. 65, Laws 1897. No evidence need be given of facts of which the Court will take judicial notice. § 1, Ch. 65, Laws 1897. The law of evidence being a part of the remedy the legislature has power to provide what shall constitute prima facie evidence of the facts in issue. 11 Am. & Eng. Enc. L. (2d Ed.) 550-551; Cooley's Const. Lim. 349-450; 3 Rice Cr. Ev. 38; *Hand* v. *Ballou,* 12 N. Y. 543; *Peo.* v. *Mitchell,* 45 Barb. 212; *Hickox* v. *Tallman,* 38 Barb. 608; *Howard* v. *Moot,* 64 N. Y. 262; *Com.* v. *Williams,* 6 Gray, 1; *Com.* v. *Kimball,* 24 Pick 373, 35 Am. Dec. 326; *Com.* v. *Rowe,* 14 Gray 47; *Com.* v. *McKie,* 1 Gray 61, 61 Am. Dec. 410; *Holmes* v. *Hunt,* 122 Mass. 505; 23 Am. Repts. 381; *State* v. *Beach,* 43 N. E. Rep. 949; *Com.* v. *Smith,* 44 N. E. Rep. 503; *State* v. *Kyle,* 45 Pac. Rep. 147. In the absence of such a statute beer would be presumed to be a malt liquor and intoxicating. Black on Intoxicating Liquors, § 17; 3 Am. & Eng. Enc. L. (2d Ed.) 906; *Kerkow* v. *Bauer,* 18 N. W. Rep. 27; *Briffitt* v. *State,* 16 N. W. Rep. 39; *Maier* v. *State,* 21 S. W. Rep. 974; *State* v. *Dick,* 50 N. W. Rep. 362; *Hollender* v. *Magone,* 38 Fed. Rep. 912; *U. S.* v. *Ducournau,* 54 Fed. Rep. 138; *State* v. *Jenkins,* 4 Pac. Rep. 809; *Myers* v. *State,* 93 Ind. 251. The evidence is clearly sufficient to sustain the verdict, no injury, therefore could result to defendant by reason of the·alleged errors in the charge. *Wooten* v. *State,* 5 South. Rep. 39; *Robinson* v. *State,* 9 S. E. Rep. 528; *Johnston* v. *State,* 10 South. Rep. 686; *Zimm* v. *Peo.* 111 Ill. 49; *Siberry* v. *State,* 47 N. E. Rep. 458;

*Berry* v. *State,* 31 Ohio St. 225; 2 Enc. Pl. & Pr. 567. The court's instructions as a whole are substantially correct, a reversal will not follow error in a detached phrase under such circumstances. *U. S.* v. *Adams,* 2 Dak. 305, 9 N. W. Rep. 718; *State* v. *Brennan,* 2 S. D. 384, 50 N. W. Rep. 625; *Peo.* v. *Kernaghan,* 14 Pac. Rep. 566: *Peo.* v. *Flynn,* 15 Pac. Rep. 102; *Peo.* v. *Lee Chuck,* 20 Pac. Rep. 719; *Spies* v. *Peo.* 12 N. E. Rep. 865; 2 Enc. Pl. & Pr. 578.

BARTHOLOMEW, C. J. The defendant has been informed against, tried, convicted, and sentenced for the offense of keeping and maintaining a common nuisance. The state's attorney moved the case for trial on the first Tuesday in March, 1899. The defendant objected to going to trial on that day on the ground that it was a legal holiday. Sec. 5124, Rev. Codes, declares every day to be a holiday "on which an election is held throughout the state." Section 2540, Id., reads: "The citizens of the several townships of this state qualified to vote at general elections shall annually assemble and hold township meetings in their respective townships on the first Tuesday of March, at such place in each township as the electors thereof at their annual township meetings, from time to time, appoint." We do not think the first Tuesday in March is a legal holiday. The statute provides for township meetings on that day for the purpose of transacting a large amount of business, varied in its character, and including the selection of township officers. The statute nowhere speaks of it as an election, but always as a township meeting. Again, if an election, it is not held "throughout the state." Many portions of the state are not organized as civil townships, and all incorporated cities must be excluded therefrom. There was no error in overruling defendant's objection.

There was abundant evidence that defendant kept a place where beer was habitually sold as a beverage. The state did not attempt to prove that this beer was intoxicating, but the Court instructed the jury that beer was a malt liquor, and was intoxicating, and that, if the defendant claimed that the beer he sold was not intoxicating, the burden was upon him to so show. This is specified as error. We think it correctly states the law. "Beer," as the word is generally used and understood, is a malt liquor, and is intoxicating. There are, however, some light non-intoxicant preparations sometimes vended under that name. It was nearly always embarassing to the prosecution to prove that the beer that formed the subject of a particular sale was intoxicating, for the reason that a moderate quantity of malted beer can be taken without intoxication. Our statute—as we think, very properly—removed this embarrassment. Among the things of which, under section 10, Ch. 65, Laws 1897, a Court is required to take judicial knowledge, we find, "That beer is a malt liquor and is intoxicating." This infringes no rights of an accused party. True, as counsel argues, the legislature cannot make a non-intoxicant intoxicating by declaring it to be so. But it can say what quantum of proof shall raise a presumption that an article is intoxicating, and leave the accused at liberty to rebut the

presumption if he can. The law raises a presumption of guilt as against a person who is found in the unexplained possession of stolen property soon after the theft, and throws upon him the burden of showing the lawful character of his possession. But it was never suggested that this required the accused to prove his innocence. We may add that in many jurisdictions courts take judicial notice that beer is intoxicating, in the absence of any statute so requiring. Black. Intox. Liq. § 17; 3 Am. & Eng. Enc. L. (2d Ed.) 906.

A vigorous assault is made upon the last paragraph in the charge. After the Court had fully and fairly stated the law, it said: "That is all there is in this case, gentlemen of the jury. If you believe from the evidence in this case that the defendant is not guilty, that he has not kept this place, that he has not sold this liquor, then it is your duty, under your oaths as jurors, to find this defendant not guilty. It is equally your duty, if you believe this defendant to be guilty, to say so by your verdict." Stress is laid upon the point that the Court failed to use the words "beyond a reasonable doubt" in charging the jury that it would be their duty if they believed the defendant to be guilty to say so by their verdict. But the Court, at two different places in the charge, fully explained the matter of reasonable doubt. Immediately preceding the quotation, the jury had been told that it "must have the highest kind of proof in order to convict," and a reasonable doubt had been correctly defined. It may be that the language objected to might have been improved, but, read in connection with what preceded it, the jury could not have been in the least embarrassed or misled. We find no error in the record. Affirmed. All concur.