## WANNEMACHER v. VANCE.

(138 N. W. 3.)

**Judgment — vacation — discretion.**

> Defendant was personally served with a summons, complaint, and other papers in claim and delivery on March 5, 1908. On March 31st thereafter he caused an answer in due form to be served on plaintiff's attorney, but gave no further attention to the case until August 12, 1911, nearly one year after plaintiff had procured judgment. Defendant states as a reason for vacating the judgment that he believed said case was disposed of and settled, and that when the answer was served he was informed (by whom he fails to state) that there never would be any judgment entered. The undisputed facts disclose, however, that his attorney was served with a notice of trial in said cause in August, 1908, and in April, 1909, with a notice to produce at the trial certain exhibits. It also appears that after judgment was ordered in plaintiff's favor in 1910, notices were

duly served on defendant's counsel of applications for the taxation and retaxation of the costs therein, and no application to be relieved from such judgment was made until about one year after its rendition.

*Held*, that while the granting or refusal to grant applications of this nature rests largely within the sound discretion of trial courts, under the facts disclosed in this record there was no room for the exercise of any discretion, and the order granting defendant's motion to vacate the judgment was therefore an abuse of judicial discretion necessitating a reversal thereof.

Opinion filed October 4, 1912.

Appeal by plaintiff from an order of the District Court for Stark County; *W. C. Crawford, J.*, vacating the judgment in his favor in an action to recover possession of two horses.

Reversed.

*Heffron & Baird,* of Dickinson, for appellant.

*L. A. Simpson,* of Dickinson, for respondent.

Fisk, J. This is an appeal from an order of the district court of Stark county made on August 15, 1911, vacating a judgment rendered in said court on August 15, 1910, and granting defendant leave to defend in said action. We are asked to reverse such order upon the ground that the making therefore was an abuse of discretion. The facts necessary to an understanding of the controversy are as follows:

The action is in claim and delivery to recover the possession of two horses and was commenced on March 5, 1908, by the service of the summons and complaint, together with the usual affidavit, notice, and undertaking in claim and delivery. The two horses in controversy were taken by the officer and retained until March 7th, when they were rebonded by defendant and their possession returned to him. The defendant thereafter and on March 31, 1908, served upon counsel for plaintiff an answer duly verified, and stating a good defense on the merits. Such answer, however, was not filed in the clerk's office until after the entry of the judgment by default as above stated. On August 28, 1908, notice of trial was served on defendant's counsel, and on April 29th a notice to produce certain notes at the trial were likewise served upon him and service admitted. The cause was placed on the trial calendar at a term which commenced on September 8, 1908, where it remained until the entry of judgment. On May 24, 1910, the cause was moved for trial

before Honorable E. B. Goss, who was then judge of the eighth judicial district, and who was presiding at said term by request of the Honorable W. C. Crawford, judge of the tenth judicial district.   Neither the defendant nor his counsel was present, but H. C. Berry, a practising attorney at Dickinson, appeared and asked leave to defend at the request of one Krusee and one Merrill, whom he claimed were the real parties in interest, as they had sold the horses to defendant, Vance, and were under obligations to defend his title.   The application, however, was refused, a jury was impaneled, testimony introduced, a verdict returned in plaintiff's favor, and judgment entered on August 15, 1910, pursuant to an order of Judge Goss.   Prior to entry of such judgment, notices of taxation and retaxation of costs were duly served on defendant's attorney.   On August 14, 1911, defendant's attorney applied for and procured an order from Judge Crawford returnable on the following day, requiring plaintiff to show cause why said judgment should not be vacated and the defendant permitted to defend said action on its merits.   Such order was based upon three affidavits, which were served with the order upon plaintiff's counsel, as follows, omitting formal parts :

Otto Vance, being first duly sworn, states that he is the defendant in the above-entitled action, which action was begun by the issuance and service of a summons therein in March 1908; that within the thirty days' time specified in said summons the defendant duly appeared in said action and served his verified answer to the complaint therein upon Messrs. Heffron & Baird, the plaintiff's attorneys; that from the date said answer was served this affiant, until Saturday, August 12, 1911, believed that said case was disposed of and settled; he was informed at the time said answer was served that there never would be any judgment entered in said action, and relied thereon; that he is now informed and believes, and was first informed August 12, 1911, that a judgment in this action on August 15, 1910, was entered against him; affiant states that the action was one in claim and delivery, and that this affiant, the defendant in the action, was the sole and absolute owner of the property in question and the plaintiff, G. R. Wannemacher, had no right, title, or interest therein; that affiant was in possession of the property at the time that action was commenced, had bought and paid for the same, and was the absolute and exclusive owner thereof; that the judgment en-

tered in said action was entered by default of the defendant not being in court at the time said judgment was entered; that the judgment in said action was not entered until a period of over two years had elapsed since the case was first at issue; and over two years after defendant was informed that no judgment would ever be entered in the case; affiant hereby makes reference to his verified answer for his defense to said action, which answer is filed in the clerk of court's office; affiant further states that he has stated all the facts of his case to Mr. L. A. Simpson, an attorney at law of Dickinson, North Dakota, and is advised by the said L. A. Simpson that this defendant has a full, complete, and absolute defense to plaintiff's cause of action and to each and every part thereof; affiant makes this affidavit for the purpose of being relieved from the judgment entered in said case, and asks that the same, on such terms as the court may deem just and reasonable, be set aside, canceled, and annulled, and that the case be set down for trial and the defendant be permitted to prove the allegations of his answer; that during all the time since the summons and complaint was served upon the defendant he has been a resident within the tenth judicial district, and has frequently seen the plaintiff in this action and his attorneys, and never at any time or place has affiant been notified, by either said plaintiff or his attorneys, any judgment in said action was entered; that affiant did not have his attorney of record, L. A. Simpson, appear at the trial of said case when said judgment was entered, because affiant was acting under the belief and understanding that the case had been settled, and that no judgment would ever be entered therein.

Further affiant saith not.

Otto Vance.

H. C. Berry, being first duly sworn, states that he is an attorney at law residing at Dickinson, North Dakota; that he is well acquainted with G. R. Wannemacher, the plaintiff in the above-entitled action; that he also is familiar with the pleadings in this case and with the facts and circumstances connected with this case; that he recalls the time when said case in the district court of Stark county was moved for trial at the April, 1910, term of said court, according to affiant's best recollection; that L. A. Simpson, the attorney of record for the defendant in the case, was absent from the city at said time and place, and that one

R. A. Krusee, who is the real party in interest defendant in this case, and the person through whom the defendant derived his title to the horses in question in the litigation herein, requested this affiant when the case was called on the calendar to appear and defend the action in behalf of said defendant, Vance, the said R. A. Krusee claiming that he had the witnesses there on behalf of the defendant; affiant further states that the Honorable E. B. Goss was the presiding judge at said trial, sitting in the place of Honorable W. C. Crawford, and affiant states that the trial judge, Honorable E. B. Goss, refused to permit affiant to appear for the defendant in said action, and based his refusal upon the ground that this affiant had no authority from the defendant, Vance, to appear in said case; affiant states that he had no authority direct from said Vance, and never had, but that he was requested to appear and defend the action in the name of Vance by the said R. A. Krusee; affiant further states that the said R. A. Krusee stated that the defendant above named, Otto Vance, had been informed at the time the action was commenced that no judgment would be taken aaginst him (Vance), and that the defense of the action would be attended to by him, R. A. Krusee; that upon the court's refusal to let this affiant defend the action at the trial thereof, judgment in default of the defendant was thereupon taken by the plaintiff as affiant is informed and believes; affiant further states that he does not personally know the defendant, and that he never at any time communicated to him the fact of his undertaking to appear and defend the case, or any other fact or circumstance connected with the case.

Further affiant saith not.

H. C. Berry.

L. A. Simpson, being first duly sworn, says that he was the attorney of record for the defendant in said action, having been retained as such on or about the day said action was stated, in March, 1908; that within the statutory time he presented a duly verified answer for the defendant, and due service of said answer was made upon plaintiff's attorneys; that more than two years elapsed from the time of the service of said summons and complaint before any judgment was ever entered in the case, and that said action was continued in court by the plaintiff over several terms to which continuance, as affiant is informed and believes,

the defendant took no part in and had no notice of; that at the time of the entry of said judgment herein this affiant was absent from the state of North Dakota, and had been absent for about one year; affiant understood about the time that the answer of the defendant was interposed in this case the said action had been settled and adjusted by G. R. Wannemacher, the plaintiff herein, and one R. A. Krusee, who, as affiant was informed and believes, was the real party defendant in interest, and affiant was informed by said G. R. Wannemacher in March or April, 1908, that said action would not be tried, but that the same would be settled and adjusted between the said Wannemacher and said R. A. Krusee, who at that time, as affiant is informed, or had lately been in partnership, and that the litigation was the result over the dispute of the ownership of partnership property; affiant further states that he never notified the said Otto Vance at any time that said case would be brought on for trial, because affiant was acting in the belief that the said action would not be brought to trial, and affiant never had any personal notice of the entry of judgment against the defendant herein until recently, and got notice thereof to defendant, Otto Vance, as speedily as possible after said notice; that the entry of said judgment, as far as this affiant or the defendant is concerned, is a result of a mistake of the facts and a misunderstanding concerning the settlement of the case.

L. A. Simpson.

At the hearing of such order to show cause, plaintiff's counsel submitted the following affidavit, omitting formal parts:

F. C. Heffron, being duly sworn, says that a number of months ago L. A. Simpson, Esq., attorney for defendant, came into the office of Heffron & Baird, and made inquiries of affiant in reference to the judgment in favor of plaintiff and against defendant in this action, and several times since then has made inquiries in reference to said judgment; that affiant has conversed with H. C. Berry, Esq., and L. A. Simpson, Esq., many times since said judgment, with regard to appealing from the same, some of which conversations were more than a year ago; that said case of G. R. Wannemacher versus Otto Vance was regularly on the calendar for the May, 1910, term of district court of Stark county, as was also the case entitled G. R. Wannemacher against Krusee; both of

said actions being actions in claim and delivery; that from the affiant's knowledge of said action, the defense in this case was much weaker than it was in said case against R. A. Krusee.

That when said case of G. R. Wannemacher versus R. A. Krusee was called, said R. A. Krusee was present in court with his attorney, H. C. Berry, and others reported to be witnesses for defense; that in said case against R. A. Krusee said R. A. Krusee interposed no defense whatever. That this affiant is informed and believes, and from his knowledge of both cases states it to be a fact, that the alleged defense in the R. A. Krusee Case and this case would have been the same; that this case, when called on the calendar, was regularly tried before the court, Honorable E. B. Goss presiding, and a jury and verdict rendered thereon in favor of plaintiff. That plaintiff, G. R. Wannemacher, now resides in Columbus, Ohio, and has done so practically since time of said trial, and of which fact the defendants are well aware and have been aware ever since the removal of said G. R. Wannemacher from the state of North Dakota. That affiant verily believes said G. R. Wannemacher, if possible to have him present or get an affidavit from him, would testify or make affidavit to the fact that he never informed the defendant's attorney or anyone else that he expected to settle this action with said R. A. Krusee. That since March, 1908, to August, 1911, affiant has not known of the whereabouts of said Otto Vance, though making repeated inquiries in regard to him; affiant verily believes from his knowledge of said case that neither plaintiff nor any of his attorneys have known of the whereabouts of said Otto Vance since March, 1908.

F. C. Heffron.

And defendant's counsel submitted two rebuttal affidavits which were considered by the court as follows:

L. A. Simpson, being first duly sworn, states that he has read the affidavit of F. C. Heffron made herein and sworn to on August 15, 1911, before Thos. H. Pugh, notary public; he further states that the statements made by Mr. Heffron in his affidavit that "L. A. Simpson, attorney for defendant, came into the office of Heffron & Baird and made inquiries of affiant in reference to the judgment in favor of the plaintiff and against the defendant in this action . . . and conversed with

L. A. Simpson many times since said judgment with regard to appealing from the same, some of which conversations were more than a year ago" is a mistatement of the fact inadvertently made by Mr. Heffron; affiant states that on or about July 7, 1911, an action was begun in the district court by Heffron & Baird entitled, G. R. Wannemacher v. Otto Vance and others, and that when affiant was retained by T. N. Hartung, one of the defendants in said last case, he made an examination of the records and files in said case, and then went to the office of Heffron & Baird and talked with Mr. Heffron, but not with respect to the appealing of the case, but only concerning the setting aside of the judgment entered therein by default; that affiant then stated to Mr. Heffron, that no notice of the entry of judgment had been served upon this affiant to his best recollection; affiant further states that he then told Mr. Heffron that he would endeavor to communicate with Mr. Vance and advise the said Vance of the condition of the case, and affiant states that he did communicate with Mr. Vance, and that immediately upon said Vance calling upon this affiant the application to set aside the judgment was made.

Further affiant saith not.

L. A. Simpson,

Subscribed and sworn to before me this 15th day of August, 1911.

C. M. Coleman, Notary Public,

Stark Co., N. D.


H. C. Berry, being first duly sworn, states that he is the identical H. C. Berry mentioned in the affidavit of F. C. Heffron made in said case and sworn to on the 15th day of August, 1911; affiant further says that he respectfully hereby calls the attention of the court to the transcript of the things occurring in the court on the 24th day of May, 1910, at the time the above-entitled action was called for trial as on default; affiant further states that Mr. Heffron, in his said affidavit, is in error when he says that he has talked with this affiant many times or at all since August 15, 1910, about the judgment in favor of the plaintiff and against the defendant, Otto Vance, save and except that at one time this affiant stated to F. C. Heffron and others that he believed the defendant, Vance, had a good defense to said action, and that the order of his Honor, Judge Goss, was arbitrary and unjust; and also in error when he states that affiant has talked with Mr. Heffron with regard to appeal-

23 N. D.—41.

ing from the said judgment; affiant states that he has talked with Mr. Heffron during the times referred to in his affidavit concerning the judgment in favor of the plaintiff that was entered against R. A. Krusee.

Further affiant saith not.

H. C. Berry.

And there was also submitted at said time a transcript of the proceedings had at the time the case was called for trial before Judge Goss. This transcript merely shows what took place with reference to the application of Mr. Berry to be permitted to defend said action in the interest of Krusee and Merrill, and we do not deem it of sufficient importance to incorporate into this opinion.

At the conclusion of the hearing on such order to show cause, Judge Crawford made an order from which this appeal is prosecuted.

Respondent's counsel filed no brief in this court, but did file an amended abstract.

From the above facts we are required to decide whether, in vacating such judgment, the lower court abused its discretion. It is, of course, elementary, and this court has repeatedly held that in such matters trial courts are vested with a sound judicial discretion, and the exercise thereof by such courts will not be interfered with by the supreme court, except in cases of manifest abuse of such discretion, and we are especially loath to interfere with orders of the district court where such orders as in this case vacate the default and permit a trial on the merits. We have considered the appeal in the light of such rule, and we are agreed that, in granting the motion to vacate the judgment, the trial court clearly abused its discretion. There was no valid excuse shown for defendant's neglect to appeal and defend such action. On the contrary, the record convicts him not only of gross and inexcusable negligence in failing to thus defend the cause, but it also convicts him of gross laches in applying for relief after the judgment was rendered. The only excuse offered by defendant for permitting such default is that "he was informed at the time said answer was served that there never would be any judgment taken against him and relief thereon." He does not state that such information came from a source that would bind the plaintiff, or that he was justified in relying thereon. In this the case at bar differs radically from the case of Minnesota Thresher Mfg. Co. v. Holz, 10 N.

D. 16, 84 N. W. 581. Furthermore, he does not contend that there was any valid or lawful agreement entered into to that effect, and when on August 28, 1908, a notice of trial was served on his attorney, and when on April 29, 1909, a notice to produce at the trial certain exhibits was served on his attorney, he was definitely apprised of plaintiff's intention to prosecute such action to a final determination. Defendant, however, apparently ignored such notices and paid no further attention to the litigation. This, under the circumstances, was, we think, gross and inexcusable negligence. Again, after plaintiff had submitted proof of his cause of action and obtained an order for judgment in 1910, notices of taxation and retaxation of the costs were served upon defendant's counsel in July and August of said year, and yet no steps were taken to be relieved from the judgment until more than one year after such notices were served. This was gross laches for which defendant does not offer any adequate excuse. True, he states in his affidavit "that from the date said answer was served this affiant, until Saturday August 12, 1911, believed that said case was disposed of and settled," but he shows no basis which authorized any such belief on his part, and the undisputed facts disclose that he was not justified in such belief. The fact that Mr. Berry appeared when the case was called for trial, and requested leave to defend in behalf of persons not parties to the record, and asked leave to intervene and was denied such requests, affords no excuse to defendant, in the light of the record facts, for his palpable negligence and laches aforesaid.

For the above reasons the order appealed from is reversed and the District Court is directed to reinstate such judgment.

Appellant will recover costs on the appeal.

Goss, J., being disqualified, did not participate.