# MURPHY v. MINOT FOUNDRY & MACHINE CO.

(139 N. W. 518.)

**Default judgment — laches in seeking relief.**

From an order refusing to vacate a judgment entered on default, defendant appeals. *Held*, that the entering of the order under the facts as disclosed by the affidavits and files was not an abuse of discretion, it appearing that defendant was guilty. of laches in not moving to vacate said judgment for nearly eight months after knowledge of its entry.

Opinion filed December 21, 1912

Appeal by defendant from an order of the County Court of Increased Jurisdiction of Ward County, *N. Davis,* J., refusing to vacate a judgment entered on default in an action brought to recover wages alleged to be due.

Affirmed.

*Arthur Le Sueur* and *Noble, Blood, & Adamson,* for appellant.

Until there had first been a ruling by the court on the motion of defendant adverse to it, no judgment by default for failure to answer could properly be entered. Smalley v. Lasell, 26 S. D. 239, 128 N. W. 142.

*F. B. Lambert,* for respondent.

Not necessary to have formal findings when the defendant does not appear, and the judgment may be entered by direct order of the court without such findings and conclusions. Cole v. Custer County Agri. Mineral & Stock Asso. 3 S. D. 272, 52 N. W. 1086; Black Hills Nat. Bank v. Kellogg, 4 S. D. 312, 56 N. W. 1071.

Second application to open up a judgment barred by a denial to open up contained in an order made on the first application. 1 Van Fleet, Former Adjudication, 101; Kabe v. The Eagle, 25 Wis. 108.

Such orders should not be disregarded when the same question is raised in the same action. Dawson v. Parsons, 16 Misc. 190, 38 N. Y. Supp. 1000.

Person allowed to appear and be heard in the argument of a motion is concluded by the courts' disposition of it. National Park Bank v. Whitmore, 7 N. Y. S. R. 456.

Orders made on motions affecting substantial rights, from which an appeal lies, if the matter in question has been fully tried, are as conclusive upon the issues necessarily decided as are final judgments. Halvorsen v. Orinoco Min. Co. 89 Minn. 470, 95 N. W. 320; Fitterling v. Welch, 76 Minn. 441, 79 N. W. 500; Truesdale v. Farmers' Loan & T. Co. 67 Minn. 454, 64 Am. St. Rep. 430, 70 N. W. 568; Tracy v. Falvey, 102 App. Div. 585, 92 N. Y. Supp. 625; Re Randall, 87 App. Div. 245, 84 N. Y. Supp. 294; Oppenheim v. Lewis, 20 App. Div. 332, 46 N. Y. Supp. 765.

In application for relief trial courts are vested with large discretion, and their action will not be disturbed unless such discretion has been abused. Keeney v. Fargo, 14 N. D. 419, 105 N. W. 92; McAndrews v. Security State Bank, 25 S. D. 590, 127 N. W. 536.

The application must be made with promptness. Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102; Cline v. Duffey, 20 N. D. 525, 129 N. W. 75.

Goss, J.   This appeal involves the propriety of an order of the lower court refusing to vacate a default judgment on the application therefor of this appellant. This action was begun by the personal service of a summons and complaint on October 5, 1910, upon one Grow, as director of the defendant corporation. Five days thereafter, on October 10, 1910, there was served upon the attorney for plaintiff an instrument designated "motion to dismiss," entitled in the action, the body of which motion reads:

Comes now C. A. Grow, the person upon whom the complaint was served in the foregoing entitled matter, and appears specially, and objects to the jurisdiction of the above entitled court on the ground and for the reason that there is no such corporation as "Minot Foundry & Machine Company," the said corporation having long since ceased to exist as such, and therefore moves the dismissal of the above entitled action, and for judgment for costs, for want of jurisdiction. Dated October 10, 1910.

Signed, Arthur LeSueur,

Attorney for C. A. Grow, Minot, N. D.

This instrument was not filed in county court until June 27, 1911, as a part of the application to vacate, and consequently was never brought on for hearing or passed upon by said court. On October 31, 1910, and some fifteen days after defendant was in default in answer or demurrer, plaintiff's attorney filed with the court a sheriff's return of personal service of summons and complaint and an affidavit of default stating that defendant had not "answered said complaint, nor has it appeared in any way in said action." Thereupon judgment by default was ordered and forthwith entered. And this judgment is the one here involved, and that the trial court subsequently refused to vacate, from which order the appeal is prosecuted. Reciting matters in chronological order, plaintiff next sought collection of this judgment by execution, which, on November 23, 1910, was returned by the sheriff wholly unsatisfied. Plaintiff, then, using the judgment as a basis for personal claim against the stockholders and officers of the defendant corporation, next began a district court action against each and all of the officers, directors, and stockholders of the defendant company, seeking to establish personal liability against each for the amount of the judgment in county court. Personal service of summons and complaint in this district court action was had on November 30, and December 3, 1910, upon all of such officers, directors, and stockholders, some eleven in number. To this complaint such defendants demurred, and their demurrer was overruled in district court on February 24, 1911. Then, on March 2, 1911, a motion to vacate the default judgment in county court, coupled with a motion for dismissal thereof after vacation, was made. This motion was entitled in the county court with parties the same as was the action in which the judgment was obtained, and was directed to the attorney for this plaintiff. It reads:

Take notice that the undersigned will, on Tuesday, the 7th day of March, 1911, move the above entitled court to vacate the judgment entered in the above entitled action, on the ground and for the reason that the same was obtained by fraud, the affidavit of default being false in fact; and will also bring on for hearing at said time, *viz.,* 2 o'clock of said day, or at such later time as counsel can be heard, the

motion to dismiss the action in which said judgment was entered heretofore in the above entitled action.

Dated February 24, 1911.

> Signed, Arthur Le Sueur,
> Attorney for C. A. Grow.

This motion to vacate, like the former so-called "motion to dismiss," was not made by the defendant corporation, but by an individual. No affidavit of merit, or proposed answer accompanied the application. Hearing was had thereon, at which the attorney for plaintiff filed his affidavit calling attention to the fact that the application to vacate was not made by the defendant company. His affidavit recites:

"That the defendant in said action has never, to this date, appeared therein or served any papers, or caused any to be served, of any kind, nature, or description, on this affiant; nor has the said defendant ever filed any answer, demurrer, or appearance whatever with the clerk of said court up to or at the time said judgment was entered; that Grow, who now appears to be attempting to set aside such judgment, was not a party to said action, and so far as the record discloses was not interested in the same so as to be bound thereby in any personal way. That both said Grow and Arthur Le Sueur, his attorney, well knew said action was pending long before said judgment was entered, and had said corporation had any defense to the complaint in said action, it could have put in an answer within the statutory time."

The affidavit then recites the proceedings had, issuance of an execution out of the county court, and its return unsatisfied. That affiant talked with both Grow and Le Sueur personally about the execution, and that they were both informed that the claim was then in judgment in November, 1910. The suit in district court then pending, brought to establish personal liability against the directors and stockholders, and the progress of said suit, were set forth by affidavit, and that by said district court action Grow and Le Sueur, his attorney, "had elected to appear in the second action above named, and use the same as a remedy for the relief asked in the case at bar," in county court. This application to vacate was denied by order dated March 11th, personal service of which order was accepted in writing by Le Sueur, as attorney for Grow, on said date.

More than three months then elapsed with no further steps taken to obtain relief from this default judgment. Then, on June 17, 1911, new attorneys appeared, those who are now of counsel in this case on appeal, and for the first time an application was made by the defendant corporation for a vacation of the default judgment, with hearing noticed for June 26, 1911, accompanied by a proposed answer, verified by Grow as stockholder and former president of the defendant company, supported by affidavits of merit made by Grow and other officers, by one of counsel, and by Arthur Le Sueur. The motion to vacate recites that it is made upon the affidavit of these parties, "together with the appearance entered in said action by Arthur Le Sueur and the motion to dismiss served upon plaintiff in said action on the 10th day of October, 1910, together with his admitted service thereon, and all of the files and records in said action." The answer accompanying the application "admits that the defendant was a corporation at the time that plaintiff claims he performed the labor for the defendant as set out in his complaint, but denies that it existed at the time of the bringing of this action or at any time since." Hearing was had upon said motion, at which the attorney for plaintiff, by affidavit filed, recited the various steps taken in the cause, the pendency of the district court action against the stockholders, of various conversations had with such stockholders, that certain of them named had informed him, "after being informed of the entry of judgment, that the whole matter was left in Arthur Le Sueur's hands, and whatever he said was all right and would be abided by by the balance of the stockholders; that this affiant again went to Arthur Le Sueur and received the information that plaintiff could 'go jump in the lake, as he would never get a damn cent, and if the plaintiff, or this affiant, knew where they could get the money, simply hop to it.'" That thereafter the action in district court against the stockholders to establish their personal liability was begun. "That this affiant had had repeated talks with the defendant stockholders of said corporation and the defendant directors; that he has been informed by each one of them with whom he has talked that said corporation was the owner of a $1,000 note (signed by parties named in the affidavit), either one of which persons are financially responsible for more than five times the amount of said note." That certain officers and stockholders have refused to disclose

the whereabouts of said note, and have concealed the assets of the defendant corporation from levy on execution herein. Then follow allegations of admissions of liability on the part of the defendant to the plaintiff, made by several of the stockholders, and oral offer to settle, and an allegation on information and belief that this motion to vacate is not made with the consent of the majority of the stockholders, but for the purpose of delay and harassing the plaintiff. That a stockholder named, "on Saturday, the 24th of June, 1911, stated that they would fight this matter to the supreme court and as far as they possibly could, and they could assure the plaintiff that he would make nothing out of the deal if he won, and they were willing to lose all they had in the deal and put in as much more;" and the good faith of the moving parties is challenged by another paragraph to the effect "that the judgment in this action was not taken by the plaintiff against the defendant through mistake, inadvertence, surprise, or excusable neglect," but "the parties interested have had full knowledge of the same for more than eight months last past, during which time they have slept on their rights and have attempted to fight the case in other courts, and only have resorted to this court soon after having been defeated there." "That there has been no oversight in this matter by the defendants or its officers, but that the whole matter has been continually before said corporation, its board of directors, and individual stockholders for some eight or nine months past, and that this motion is being made as a last effort to defeat the plaintiff in his just seeking for his own due." On the question of the corporate existence of defendant, two letters from the secretary of state, dated October 21, 1910, and November 5, 1910, accompany the affidavit, showing the corporate existence of the defendant company and the noncancelation of their charter at the latter date, which was after the entry of this default judgment sought to be vacated.

Three counter affidavits on the hearing were filed by the defendant company. They were made by some of the officers named in the affidavit, above recited, of plaintiff's attorney. One of said affidavits is by a stockholder not named as defendant in the district court proceeding, and he alleges ignorance of the entry of judgment, or the pendency of the action in county court until about the 1st of June, 1911. One of the others admits knowledge of the entry of judgment since the

service upon him of summons in the district court action against the stockholders, and the other counter affidavit is indefinite as to the time when knowledge was received of the pendency or entry of judgment in the country court action.  But it is significant that none of the stockholders deny the statements attributed to them by the affidavit of attorney for plaintiff, tending to charge them with litigation for the purposes of delay.  One of these stockholders has filed a counter affidavit without mentioning or denying the statement made in plaintiff's affidavit that the case would be appealed to the supreme court, and, in substance, that the collection of the debt would be deferred as long as possible, although a denial is made by this stockholder as to any admission of liability by the defendant corporation to plaintiff on the debts sued upon; nor does attorney Le Sueur in any way deny the charge that the settlement of this matter was left to him, and his statements as to what plaintiff could do if he knew where he could get the money; nor is there any denial of the statement in the affidavit filed by the plaintiff's attorney charging the officers of said corporation with secreting the property belonging to the said corporation and the sale of the assets of the corporation, and that the corporation has a $1,000 note signed by two responsible parties, more than sufficient to pay the judgment claim.

Upon the showing made the county court denied the application to vacate, and defendant appeals to this court from said order.  The error assigned in the brief is (1) "Error in denying defendant's motion to open up the judgment, and for leave to interpose its defense to plaintiff's action.  (2) Error in entering an order, for judgment in plaintiff's favor in the absence of evidence to support the allegations of said complaint.  (3) Error in denying defendant's motion, for the reason that plaintiff, at the time he moved the court for judgment by default, was not entitled thereto, the affidavit of default reciting 'that defendant had not appeared in the action in any way' being false. the special appearance and the motion to dismiss showing, upon its face, that it was made in defendant's behalf, and this appearance and motion were interposed within five days after the service of the summons and complaint.  (4) That it was an abuse of discretion to deny defendant's motion in the face of the showing made, such showing, considering all affidavits of merit and verified answer, stating a meritorious

defense, and numerous affidavits going to the question of defendant's good faith."

The first and fourth assignments are identical, except that the fourth is more explicit than the first. The second and third are related and depend in part upon the construction to be given to the so-called motion to dismiss, made five days after the service of the summons. We will first discuss the third assignment, which is based upon the regularity of the entry of judgment with the so-called motion to dismiss charged to have been pending and undisposed of.

A reference to this instrument, entitled "Motion to Dismiss," discloses that it is a nullity. It is a mere notice. It was not filed in court, and was never brought on for hearing. Nor was it the act of defendant, but that by a third party made under the supposition that the defendant company had ceased to exist, and therefore that the defendant company as a corporate entity could not appear. This appears from the instrument itself, from the alleged grounds upon which it is made, that "the said corporation having long since ceased to exist as such" consequently could not make an appearance; and above all, the instrument does not purport to be a general appearance, but recites that this third party "appears specially and objects to the jurisdiction of the above entitled court," which did not assert jurisdiction over the person of this third party. Plainly no issue of law or fact was raised. No warrant of law existed for the filing of this anomalous instrument, nor for the court to have considered it, had it been called to its attention. Plaintiff's attorney rightfully ignored it as did the court on the application to vacate, made by this third party in March, on a similar attempt to litigate issues without appearing in the action; in which proceeding the party and the attorney were attempting to accomplish something without incurring the liability of making an appearance. Plaintiff's attorney, by affidavit then filed, called attention to the fact that no appearance had been made by the corporation, after which no attempt, even then, was made to enter an appearance for, or do any act on behalf of, the corporation. The president of the corporation and Le Sueur, his attorney, were evidently laboring under the belief that no valid judgment could be taken against the corporation, and that all that was necessary was that a third party should appear, move to dismiss the action, and recover

judgment for costs against the plaintiff. But if, on the contrary, he understood what he was then doing, and that the so-called special appearance must be held as void because not purporting to have been made on behalf of the corporation, with the record disclosing, as it does, that he was an officer and stockholder of this corporation, his good faith on the application made later is thoroughly impeached, notwithstanding his own affidavit, with the result that the affidavit of the plaintiff charging defendant with litigating for purposes of delay only is thus corroborated. Otherwise, why did this attorney not, if defendant had a defense, appear and interpose it by answer within time, instead of filing instruments amounting to nullities and adopting the anomalous procedure that he did, to secure something to which he must have known defendant was not entitled,—a dismissal of the action, and with even judgment for costs demanded?

In justice to present counsel in the case, we would say that on the argument of this appeal Attorney Blood has not been insistent upon these assignments under discussion, though not abandoning them, and on argument took the position that if the court found this so-called appearance not to have been such, the proceedings in March would not be *res judicata* to the application to vacate made in June; and that such application last made should then be treated as the first appearance made in this case. The so-called motion to dismiss, served October 10, 1910, was no appearance, and it follows that it in no wise interfered with the entry of judgment by default, which could be done, under § 7001, Rev. Codes 1905, without the assessment of damages, the action being on contract for the recovery of money only, and the complaint standing confessed by defendant's default in appearance. The judgment was therefore regularly entered.

This brings us to the fourth assignment, embodying also the first assignment of error, and whether the trial court abused its discretion under the record in denying the application to vacate by its order of July 20, 1911, appealed from. This question involves the sufficiency of the affidavit of merit and proposed answer as disclosing a prima facie defense, and whether such defense, though prima facie sufficient to defeat plaintiff's recovery, should be permitted to be interposed, and involves the review of the exercise of the discretion of the trial court. On the question of whether the defense may be interposed or

24 N. D.—13.

not, its interposition is a matter in the discretion of the trial court, instead of a matter of strict legal right. In the granting of the right to defend arises the question of whether defendant corporation has been guilty of laches, and where the application made is in good faith, as to which, concerning both questions, the court may consider any excuses offered for delay in applying for relief from the judgment. Upon these questions we find no excuses are offered, nor can any be offered, for the delay of over seven months intervening from the 31st of October, 1910, the date of the entry of judgment, and the 17th of June, 1911, the date of the notice to vacate said judgment. The record, as heretofore recited, discloses that Grow was personally served as a director of the corporation, on October 5, 1910. Under his own affidavit he was the president of the corporation. Manifestly he must have employed Attorney Le Sueur, also a stockholder and officer of the corporation, in the matter of the defense, and this promptly, as the attempt to make a special appearance in the proceedings within five days after the service of the summons indicates. Then again, these two officers, and nine other directors and stockholders, of the corporation, were personally served on or before December 3, 1910, with a summons and complaint in the district court action to establish liability as stockholders against them, based on the entry of this judgment in county court, and this after execution had been issued and assets sought to be discovered by the sheriff to satisfy the county court judgment. It would seem to be conclusive that actual notice must have been promptly brought home to the officials of defendant corporation that this claim was in judgment. Indeed, the affidavits of the defendant company stockholders and officers, filed in the case, by their failure to deny the plain and emphatic statements and steps rehearsed as taken by plaintiff, as set forth in the affidavit of his attorney, must be taken as admitting knowledge of the entry of judgment. The possession of assets of the defendant corporation, their concealment or failure to disclose the same for levy on the execution issued on this judgment in November, 1910, is inconsistent with its claim of good faith. In fact, the record discloses facts and circumstances which raise the strong probability that the failure to interpose an answer or defense in county court may have been because those in charge of the matter concerning this claim then probably concluded that the collection of

the claim could be defeated in any event by concealment of the company's assets in commercial paper; and it was not until a realization of personal liability, awakened by the progress of the district court suit against the stockholders, that an idea of setting aside the default judgment began to be seriously considered. It is probable that with this mistaken idea of the nonliability of the stockholders arose also the belief that, because the charter of the company was subject to cancelation for noncompliance with the law regarding a report and payment of a fee to the secretary of state, the officers had assumed that a cancelation of the charter had taken place, and that the company was not in existence, even for the purposes of suit. Here, again, may have been overlooked the provisions of § 4262, Rev. Codes 1905, to the contrary, providing explicitly: "Nor does the dissolution of any such corporation take away or impair any remedy given against such corporation, its stockholders, or officers, for any liability which has been previously incurred." And in this connection we call attention, as heretofore, that the proposed answer accompanying the application to vacate admits the corporate existence of the company at the time the work was performed, and presumably when the liability to pay therefor arose. Accordingly, we may leave out of consideration the fact that appellant on this appeal has changed position from that urged below as a reason for a vacation of the judgment, where, if we may judge from the motion filed, he there urged error predicated upon the alleged appearance by Le Sueur; and especially the proceedings had on the 10th of October, 1910, termed in said motion an appearance entered in the action; but which proposition is, an oral argument on appeal, abandoned to avoid the effect of a similar appearance in March being construed as *res judicata* to the application here urged. We have ignored this change of position, and passed upon the matter as though no such questions were involved. We find that defendant corporation and its officials, acting in its behalf, have been guilty of laches, consisting of wholly unexcused delay in making application to be relieved from such default judgment. We further find sufficient evidence of a want of good faith in the proceedings taken between the date of the default judgment and the date of the motion for this vacation of judgment, to alone have warranted the trial court in denying relief. If authorities for our findings and position are desired, the same will be found col-

lected in the citation of authority in Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228, and the recent case of Wannemacher v. Vance, 23 N. D. 634, 138 N. W. 3.

We have not considered the question urged by respondent of an election of remedies, to the effect that, because the stockholders for defendant in the district court suit, during the time when the defendant corporation should have sought relief by a vacation of judgment in the county court, elected to litigate liability in the district court suit, they have waived any right to attack the county court judgment. On this question we do not pass, as it is unnecessary to a decision of the case. We may here add that we have not considered the district court case against the stockholders, except as it may disclose reasons for delay in moving to vacate the county court judgment, or as bearing upon the good faith of the parties in the county court proceedings.

We conclude that no abuse of discretion on the part of the trial court in the denial of the application to vacate this judgment has been shown, and the order appealed from is accordingly ordered affirmed, with respondent's costs and disbursements on this appeal assessed against appellant.