By the Court.—Monell, Ch. J.
—The judgment as entered, being merely for a dismissal of the complaint and for costs, no question arises upon it, except as to the regularity of its entry. The error in directing a reference before judgment, and awarding damages as part of the judgment, was not repeated in the judgment as entered.
It is now claimed—and the appeal from the order of the special term furnishes the facts and presents the question—that no judgment could be entered upon the decision of the justice who. tried the cause, after the expiration of his term of office.
Upon the trial of an issue of fact by the court, its decision shall be given in writing, and shall contain a statement of the facts found, and the conclusions of law (Code, § 267).
The decision is a judicial act, and is completed when reduced to writing. Whatever remains to be done is a mere clerical act.
The same section of the Code (267) provides, that judgment upon the decision shall be entered accordingly ; and it is the duty of the cleric to make the entry (Schenectady, &c. Pl. R. Co. v. Thatcher, 6 How. Pr. 226; Loeschigk v. Addison, 3 Robt. 331, 338).
Reducing the decision to writing concludes the trial and authorizes the judgment, lio allocatur of the justice is required. The clerk on filing the decision enters the judgment strictly in conformity with the decision.
It is very clear, I think, that when the late chief *275 justice reduced his findings of fact and law to writing, and subscribed them with his name and office—as he did in this case—he had completed the trial and the clerk was authorized at once to enter the appropriate judgment. Had he done so, any errors in it could have been corrected only on appeal. The judgment would have been entirely regular.
If, therefore, the only remaining duty was upon the clerk, he could discharge it at any time afterwards ; and no lapse of time, nor the expiration of the judicial term of the justice, would render the entry irregular.
The omission to enter the judgment was caused, as it appears, by the reference which was ordered to ascertain the damages. Until the referee made his report, no final or complete judgment under the decision could be entered. But it was competent for the defendants to waive the reference and consent to a judgment in a modified form, omitting so much as was erroneous, and retaining so much only as was authorized by law.
It was necessary, or at least proper, therefore, for the defendants to go to the special term for an order modifying the decision, and authorizing the clerk to to enter a judgment upon it in a modified form.
As it was, before the order of the special term, it might be regarded as only an interlocutory decision, which would remain in abeyance until the damages were ascertained, when the final judgment could be entered. In that case, no other judge of the court could continue the trial and pronounce the final judgment (Chamberlain v. Dempsey, 15 Abb. 1).
By waiving the reference, however, and surrendering so much of the decision as provided for the damages to be ascertained by the reference, the court had power to authorize the clerk to enter final judgment upon the decision. And the exercise of such authority was not an unlawful or improper act of the court.
*276 I can not find any irregularity in the entry of judgment. The plaintiff has.not, and can not be prejudiced by its modified form, and the order authorizing the modification was correct.
But I am not satisfied that it was correct to direct the Judgment to be entered as of an anterior date. Even the power to do so was questioned in Moore v. Westervelt (14 How. Pr. 279), and I can discover no reason for it in the present case. It may affect the rights of others, not parties, and can conserve no important purpose of the defendants.
I think the order in that respect should be changed, and that the special term should, if the plaintiff desires it, direct the entry of judgment to be altered accordingly.
The judgment and the order (as modified) should be affirmed, with costs.
Curtis and Speir, JJ., concurred.