# Hamill *v.* Gibson.

## *Contest of Election of County Solicitor.*

1. *Submission for decision in vacation; construed.*—A bill of exceptions was reserved to the ruling of the probate judge on a contest of the election for county solicitor, and an appeal taken from this judgment to the Circuit Court, where the cause was submitted, by consent, to the circuit judge for decision in vacation, with the stipulation that the decision, "*be made in eight weeks and entered up as of the present term,—held:* The terms of the submission were satisfied, if the judge reduced his decision and judgment to writing, within the prescribed period, so that it could be entered of record at a future day ; and the judgment was valid, though not filed with the clerk and entered of record until the succeeding term, and after the expiration of the judge's official term.

APPEAL from Blount Circuit Court.

Tried before SAMUEL F. RICE, Esq., an attorney of the court.

Hamill contested the election of Gibson to the office of county solicitor before the probate judge, and appealed from an adverse judgment to the Circuit Court. In that court the cause was submitted for decision to the presiding judge, (Hon. W. J. Haralson) "on the record and such brief as may be submitted. Decision to be made in vacation in eight weeks, and entered up as of the present term of this court." This agreement was made September 12th, 1874. Judge Haralson, in the following month, reduced his judgment to writing, together with an opinion, but neither was filed until March, 1875. Hamill moved to vacate and set aside this judgment on the ground that it was not rendered within eight weeks after the submission. His motion was overruled and he excepted. This ruling is now assigned as error.

HAMILL & DICKINSON, for appellant.—The decision was to be made in eight weeks and entered up, *in vacation*, as of September term, 1874. The written opinion and judgment rendered by Judge Haralson was filed in the clerk's office, *without any date*, on March first, 1875, the first day of *spring term*, 1875.

Judge Haralson's term of office expired in November, 1874, and Judge Wyeth succeeded him. Could any act or declaration of his, made after his term of office expired, give force or effect to the judgment of the Circuit Court in the

judgment in this cause? When his term expired, the cause was undecided, so far as the parties knew, or the records of the court disclosed, and it so remained until the next term of the court, when Judge Haralson, then a mere private individual, filed the paper purporting to be a final judgment therein, and without any date whatever.

A. M. GIBSON, *contra.*

BRICKELL, C. J.—The cause was by consent of parties submitted to the judge of the Circuit Court for decision in vacation with no other stipulation, than that the "decision be made in eight weeks, and entered up as of the present term of this court." The cause was on appeal from the judgment of the judge of probate rendered on a contest of the election of county solicitor, and all questions for decision arose on a bill of exceptions reserved to his rulings, and were of course triable by the court without the intervention of a jury. The judge of the Circuit Court within eight weeks from the submission, reduced his judgment to writing, but it was not filed until the succeeding term of the court, and after the expiration of his official term. The appellant objected to the entry of it on the records, insisting that as it was not filed within eight weeks after the submission, it was not within its terms. The limitation of time within which the decision was to be made, was doubtless introduced for the purpose of obtaining a judgment at as early a period as was supposed practicable, and quieting the litigation. But it extends only *to the time within which judicial power could be exercised;* and does not impose as a condition to the validity of its exercise, that the judgment should be filed with the clerk of the court to be entered of record within the time mentioned. The terms of the submission were satisfied, when the judge within eight weeks, reduced his decision and judgment to writing, so that it could at a future day be entered of record. It may be that until the expiration of the last day, he had not finally determined the cause. The opinion accompanying the judgment bears evidence that he carefully considered, and passed upon each of the several questions arising on the record, and whatever of delay there was in filing his judgment with the clerk of the court, may have been, and it is fair to presume, was unavoidable. The objection of the appellant to the entry of the judgment in conformity to the submission was properly overruled.

We pass the remaining assignments of error, as they have

[Sharpe v. Orme.]

not been insisted upon in the argument of counsel, and we are not inclined to the opinion there is any merit in them. A decision of them now, would be of little, if any practical importance, as the statutes under which they arise, have long since been superseded by later legislation.

The judgment is affirmed.