## CHARLES R. RUSSELL, Impl'd,

### v.

## SAMUEL H. SARGENT.

1. PRACTICE—ENTERING DECREE.—A decree is inoperative as a decree until it has received the file mark of the clerk. So, where a decree was prepared by the judge before the expiration of his term of office, but was not filed until after his successor had been elected and qualified, it is a nullity. A judicial act can only be performed by one who was a judge at the time the act was done.

2. JUDICIAL NOTICE.—This court will take judicial notice of the persons who are judges of the circuit court.

ERROR to the Circuit Court of Wabash county; the Hon. T. B. TANNER, Judge, presiding. Opinion filed August 13, 1880.

Messrs. BELL & GREEN, for plaintiff in error; that judges of the circuit court hold their office for six years, and until their successors are elected and qualified, cited Constitution, Art. VI, §§ 12, 32.

Courts will take judicial notice of the election and qualification for office of judges of the circuit court, and when they go out of office: 1 Greenleaf's Ev. 363; Watson v. Hay, 3 Kerr, 559.

A judicial act can only be performed by one who is a judge at the time the act is done: Hoagland v. Creel, 81 Ill. 506; Bishop v. Nelson, 83 Ill. 60.

Fraud must be proved, it is never presumed: McConnell v. Wilcox, 1 Scam. 344; Wright v. Grover, 27 Ill. 426; Bryant v. Simoneau, 51 Ill. 324.

An instrument under seal imports a consideration: Buckmaster v. Grundy, 1 Scam. 310; Evans v. Edwards, 26 Ill. 279; Benjamin v. McConnell, 4 Gilm. 536.

Mr. S. Z. LANDS, for defendant in error; that if the decree is void, plaintiff has no standing in court, cited Hoagland v. Creel, 81 Ill. 506.

Russell v. Sargent.

Bringing the record into this court, is a recognition of its validity: Blackburn v. Bell, 91 Ill. 434.

The authority of the judge who rendered the decree cannot be questioned collaterally: Freeman on Judgments, § 148; Case v. State, 5 Ind. 1; State v. Anon. 2 Nott & McCord, 27; State v. Alting, 12 Ohio, 6.

CASEY, J.   This was a bill in chancery, brought by defendant in error against the plaintiff in error, and others in the Wabash Circuit Court.   At the October term, A. D. 1879, of said court, the following entry was made in said cause:   " On this day came the parties by their solicitors, and on motion this cause is submitted to be decided in vacation as of this term, and of this day of this term."

The record further shows that, " afterwards, to wit : on the the 20th day of June, A. D. 1879 (being in vacation), the further proceedings were had and entered of record in said cause, which are in the words and figures following, to wit." Then follows the decree in favor of complainant.  At the succeeding November term of said court, that being the first term after the filing of the decree, the plaintiff in error having given notice, filed written exceptions to the decree, and moved to vacate the same, and set it aside, for the reason that the judge's term of office had expired before said decree was filed with the clerk, and because a term of court had intervened since the submission of the cause to the judge, and before the time of the filing of the decree.   The motion was overruled, and the cause is brought to this court by a writ of error.   The fourth error assigned is that, " the decree was filed by the judge rendering the same in vacation and after the expiration of his term of office."

The Constitution provides that the terms of office of judges of circuit courts shall be six years.   Art. 7, Sec. 12.

Section 14 of same article provides, that the election of judges of the circuit court shall be held on the first Monday in June in the year 1873, and every six years thereafter, and section 29 of the same article provides that all judicial officers shall be commissioned by the Governor; and it is further pro-

vided, in section 32 of said article, that all officers provided for in said article shall hold their offices until their successors are qualified. The election and qualification of judges of the circuit court are public acts of which this court will take judicial notice. The decree in this case seems to have been prepared by the judge on the 6th day of June, A. D. 1879, but for some reason it failed to reach the office of the clerk or was not filed by him until the 20th day of June, A. D. 1879. It had no effect, and was inoperative as a decree until it had received the file mark of the clerk. This court will take judicial notice of the persons who were judges of the circuit court in the Second Judicial Circuit at that time, that the term of office of the Judge who rendered the decree had expired, and that his successor in office had been elected and qualified. 1 Greenleaf, Sec. 6.

A judicial act can only be performed by one who is a judge at the time the act is done. In Hoagland v. Creed et al. 81 Ill. 507; in Bishop v. Nelson et al. 83 Ill. 601, and also in Winchester v. Ayers, 4 Iowa, 104, it was held that the parties could not confer jurisdiction on a court by consent, neither can they empower any individual other than the judge of the court to exercise its powers. See also Cooley on Constitutional Lim. page 399. It follows then that the decree filed in the office of the clerk, on the 20th day of June, A. D. 1879, was a nullity. It is insisted that if the decree is a nullity, there is nothing upon which to base a writ of error, and that the writ should be dismissed, and that course was pursued by the Supreme Court in the case of Hoagland v. Creed et al. *supra*. But in the latter case of Bishop v. Nelson et al. *supra*, the judgment was reversed, and the cause remanded—and this is the practice in the State of Iowa in like cases. We think the course pursued in the latter case the better practice. Therefore the decree is reversed and the cause remanded.

Decree reversed.