(109 N. W. 1024.)

---

IN THE MATTER OF THE ESTATE OF DAVID LEMERY, DECEASED.

MINNIE MATHIE ET AL. v. MARY EMMA LEMERY.

Opinion filed January 23, 1906. Rehearing denied March 13, 1906.

**County Courts — Form and Contents of Judgment.**

　　1. In county court the final decree consists of the findings of fact, conclusions of law and statement of the relief awarded, and all these should be embodied in one document, signed by the judge, and filed.

**Same.**

2. In a proceedings in the county court for the probate of a will, the county court, following the practice prevailing in the district court, made and filed findings and conclusions, and subsequently made and filed a separate document purporting to be the judgment. *Held,* that this so-called judgment should be regarded as a completion or amendment of the previous document containing the findings, and that both documents, taken together, constitute the final decree.

**Appeal — Notice — Construction.**

3. A notice of appeal, dated and served after the perfection of the decree, clearly indicating that the appellant desired to appeal from the whole final decree in said proceedings, and describing the decree as one dated the day the findings and conclusions were filed, should be construed to be a notice of appeal from the final decree, and not from the findings and conclusions alone.

**Same — Amendment of Notice.**

4. The county court has power, in furtherance of justice, to permit the service of an amended notice of appeal to the district court, after the statutory time for appeal has expired, where the appeal was taken in good faith in the proper time, but by mistake the original notice was technically defective by reason of the omission of some of the necessary parties.

Appeal from District Court, Grand Forks county, *Fisk,* J.

In the matter of the estate of David Lemery, deceased. From an order denying the probate of the will, Mary Emma Lemery appealed to the district court, and from an order of the district court, refusing to dismiss the appeal, Minnie Mathie and others appeal.

Affirmed.

*Skulason & Skulason,* for appellants.

An appeal in county court does not lie from findings and conclusions, but only from a decree or order affecting a substantial right. Setions 6254, 6223 and 6235, Rev. Codes 1899.

If the findings and conclusions are construed as an order for judgment, an appeal does not lie. 2 Cyc. 616, 624; In re Weber, 4 N. D. 119, 59 N. W. 523, 28 L. R. A. 621; Field v. Great Western El. Co., 5 N. D. 400, 67 N. W. 147; In re Eaton, 4 N. D. 514, 62 N. W. 597; Oliver v. Wilson, 8 N. D. 590, 80 N. W. 757; Sheppard v. Pettit et al., 14 N. W. 511; Webster Glover Co. v. St. Croix, 24 N. W. 417; Robinson v. Mutual Life Co., 49 N. E. 645.

Failure to make the executors and petitioners parties to the appeal is fatal. 2 Cyc. 762, 763; 2 Enc. Pl. & Pr. 182; section 6255,

Rev. Codes; In re Wheaton's estate, 32 Pac. 970; Hiram Bellows' Estate, 60 Vt. 224.

*Standish & Barry* and *Tracy R. Bangs,* for respondent.

The executors not having a substantial interest in the appeal were not proper parties. Hewitt's Appeal, 58 Conn. 226; Dickerson's Appeal, 55 Conn. 223; Andres v. Andres, 46 N. J. Eq. 528; Parker v. Reynolds, 32 N. J. Eq. 293; People v. N. Y. Central Railway, 29 N. Y. 418; Rahn v. Gunnison, 12 Wis. 528.

An executor receives his authority from the appointment by the court and not from the will. Wall v. Bissell, 125 U. S. 382, 31 L. Ed. 772; Carpenter v. Going, 20 Ala. 587; Hartnett v. Wendell, 60 N. Y. 346; Rand v. Hubbard, 4 Metc. 252; Gay v. Minot, 3 Cush. 352; Stagg v. Green, 47 Mo. 500; Schoenberger's Ex'rs. v. Institution, 28 Pa. St. 459-66; Kittridge v. Folsom, 8 N. H. 98; In re Flandrow, 92 N. Y. 256.

ENGERUD, J. This is an appeal from an order of the district court denying a motion to dismiss an appeal to that court from the county court.

1. N. Gallagher and W. A. Scouton filed a petition in the county court for the probate of the alleged last will and testament of one David Lemery, deceased, which said alleged will named said petitioners as executors thereof. The present appellants opposed the probate of the will, and Mrs. Lemery joined with the petitioners in the effort to establish the validity thereof; she being the principal beneficiary thereunder. A hearing was had in the county court, and on January 23, 1905, that court made and filed a certain document styled "Findings of Fact and Conclusions of Law," in which the findings of the county court on all the issues of the contest were set forth, together with its conclusion of law to the effect that the contestants of the will were "entitled to judgment that the petition for probate be dismissed, with costs," and "that said pretended will is null and void, and that the same be canceled of record and that probate thereof be refused." Thereafter, on the 25th day of January, 1905, without the knowledge of this respondent or her attorneys, a so-called "judgment" was entered in the county court, which was a document in the form required for a judgment in the district court pursuant to findings and conclusions. After the recitals of appearances, etc., it reads as follows: "Now, by virtue of the power vested in this court and in pursuance of the

premises, it is hereby adjudged and decreed that the petition for the probate of said pretended will be, and the same is hereby dismissed and denied, that said pretended will is null and void, and that the probate thereof be, and the same is, hereby denied and refused, and that the same be canceled of record. It is further adjudged that the said contestants have and recover of the said proponents their costs and disbursements in said contest, taxed and allowed at the sum of $67.90." On the next day after the entry of this "judgment," the findings of fact and conclusions of law were served on the attorneys for the proponents of the will, but no notice of the entry of this judgment was served. Thereafter, and on February 7, 1905, Mary Emma Lemery, by her attorneys, served on all the adverse parties a notice of appeal to the district court, and also filed the proper undertaking. The notice of appeal states that the appeal is taken from an order made and entered in the above-described probate proceedings by the county court on January 23, 1905, directing that a certain will, signed by said deceased and offered for probate, be held to be null and void and denied probate, "and the said appeal is taken upon the questions of law and of fact, and in general upon everything involved in determining the legality of said will, and of its being a will of said deceased."

On the 27th of February, 1905, attorneys for the respondents on that appeal served notice that they would apply to the district court on March 7, 1905, for an order dismissing the pretended appeal. The grounds for such motion were that there was a defect of parties appellant on said pretended appeal, in that the petitioners for the probate of the will, Gallagher and Scouton, were not joined as parties appellant therein, and that said pretended appeal had been taken from the findings of the county court, and not from the judgment in said matter, and that said findings and conclusions were not an appealable order. Before this motion was heard the attorneys for Mrs. Lemery applied to the county court for leave to amend the appeal, and to extend the time within which to perfect the same, by being permitted to serve upon Gallagher and Scouton an amended notice of appeal, which would include said petitioners as parties, and also describe the judgment entered January 25, 1905. The court, on March 1, 1905, made an order granting this application and directing that the amended notice of appeal be served upon Gallagher and Scouton and the

other parties in the contest, and that the time for so doing be extended to March 7, 1905. The order also required a further undertaking on appeal. Mrs. Lemery complied in all respects with this order by serving the notice on each of said parties and filing the required additional undertaking on March 2, 1905; and all the papers in relation to these proceedings for amendment were by the county court transmitted to the district court, and were on file at the time the motion to dismiss the appeal was heard.

In support of the motion to dismiss the appeal, counsel argues that the first notice of appeal was merely an attempt to appeal from the findings of fact and conclusions of law, and hence was neither an appeal nor an attempt to appeal from any order or final decree of the county court. This point is not well taken. Counsel calls our attention to section 6296, Rev. Codes 1899, which standing alone, seems to imply that a decree or judgment is to be entered in the county court, separately from the findings and conclusions, the same as in district court. This section, however, must be read in connection with section 6233, which defines what a decree or final order is. It is clear that the "judgment" referred to in section 6296 is the same as or a part of the decree or final order defined in section 6233, as "the final determination of the rights of the parties." It is plain from the reading of section 6233 that the findings of fact, conclusions of law, and the matters which would in district court belong in the judgment are to be embodied in a single document, which constitutes the decree from which an appeal may be taken, under section 6254, Rev. Codes 1899. The method of rendering and entering a decree in county court is wholly different from that prescribed for the district court by the Code of Civil Procedure. In the county court there is no order for judgment. Nor is there any "judgment book" in which the decree or judgment must be entered in the first instance, and which entry is the act which constitutes the rendition of the judgment of the district court. In the district court the original judgment is the record entered in the judgment book, and a copy of this record is attached as a separate document to those containing the findings, pleadings and other papers, which together constitute the judgment roll. In the county court, the findings, conclusions and the statement corresponding to the judgment in the district court are embodied in a single document which constitutes the decree. This decree, after it is made and filed, is transcribed or copied into

a record book in which all orders affecting substantial rights, as well as probated wills, etc., are also recorded. Rev. Codes 1899, section 6193, subdivision 3. In short, in county court, the document signed by the judge and filed, embracing findings, conclusions and judgment, is the original decree, and the record book merely contains a copy, while in district court the reverse is true. It is therefore plain that the decision in re Weber, 4 N. D. 119, 59 N. W. 523, 28 L. R. A. 621, has no application to this case.

The fact that the amount of costs had not been taxed, and were therefore not stated in the decree of January 23d, when it was rendered, is not material. Whether or not the omission of the amount allowed as costs would defeat an appeal we need not decide. See, however, Williams v. Wait, 2 S. D. 210, 49 N. W. 209, 39 Am. St. Rep. 768. The appeal was taken after the costs had been taxed and inserted in the subsequent judgment of January 25th, and we are agreed that that so-called judgment must be held to be a mere completion or amendment of the final order previously made. The decision made on January 23, 1905, was a complete adjudication of the rights of the parties, although somewhat informal and indefinite as to the persons liable for costs. It states clearly that the proceeding was dismissed, with costs. The amount of costs was a mere incidental matter, and could be ascertained and inserted after the decree was rendered, either in a blank left in the decree for that purpose, or the decree could be amended so as to show the amount. The decree ought to have named the persons liable for costs. It follows that the judgment of Januthy 25, 1905, may be regarded as a mere amendment of the decree. It is either that or a nullity, because there can be only one final decree, and, as already stated, that final decree consists of the findings, conclusions, and the statement of the relief granted. All these things ought to be embodied in a single document; but if, by reason of irregular practice, that has not been done, there is either no decree or the several documents must be taken as parts of the single final decree. In this case the record shows that all the issues have been finally determined, and what the final determination was, even as to the incidental amount of the costs. For that reason we hold that the so-called judgment should be considered as a mere completion or amendment of the decree rendered on January 23d. The first notice of appeal clearly showed that the appellant desired to appeal from the final decree in

the case. We think it was proper to describe that decree as one rendered January 23, 1905; but, even if the date was erroneously stated, it would not invalidate the appeal, as the language of the notice left no room for doubt that the appeal was from the final decree. 2 Enc. Pl. & Pr. pp. 216, 217.

It is unnecessary to consider the point urged by counsel that the first appeal was ineffectual because Messrs. Gallagher and Scouton, the original petitioners, who offered the will for probate, were not made parties to the appeal from the county court. The omission of these parties, if it was an error, was cured by the amendment of the appeal proceedings pursuant to the permission to do so granted by the county court on March 1, 1905. Section 6259, Rev. Codes 1899, provides: "When the appellant seasonably and in good faith serves a notice of appeal on some of the parties, but through mistake or excusable neglect, fails to obtain service on all, or in like manner omits to do any other act necessary to perfect the appeal or effect a stay, the county court, upon proof of the facts by affidavit, may, in its discretion, extend the time for perfecting the service or other act and permit an amendment accordingly upon such terms as justice requires." The sufficiency of the facts shown to the county court in support of the application to amend the appeal is not questioned, and in view of the facts disclosed by the record we think the omission of the petitioners from the first notice was excusable, even if they were technically necessary parties.

The order appealed from is affirmed. All concur.