(110 N. W. 78.)

---

CHARLES C. CONNOLLY v. T. A. LUROS, GEORGE BRENNAN AND FARMERS' BANK OF CRARY, A CORPORATION.

Opinion filed January 23, 1907.  Rehearing denied March 15, 1907.

**Specific Performance — Evidence.**

Evidence *held* to justify the findings of the trial court.

Appeal from District Court, Ramsey County; *Cowan,* J.

Action by Charles C. Connolly against T. A. Luros and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Townsend & Denoyer* and *Burke & Middaugh,* for appellant.

*McClory & Barnett* for respondents.

ENGERUD, J.  This is an action in which the main relief sought is a judgment for the specific performance of a contract to convey real property. The alleged contract relied upon was oral, but plaintiff claimed there had been a sufficient part performance thereof so that it became enforceable though not in writing. The defendants, besides other pleas, denied that there had been any agreement. There was a trial by the court without a jury and judgment for the defendants. The plaintiff appealed, and demands a trial de novo.

We fully agree with the findings of the trial court that there was no agreement made as to the terms of sale. There was a sharp conflict of testimony as to what was said and done in the ne-

gotiations which plaintiff claims constituted the agreement. But even if we accept plaintiff's version of the transaction, we think the various conversations were nothing more than mere negotiations preliminary to a contemplated contract to be made when the plaintiff had examined and become satisfied with the title; and it was clearly due to plaintiff's own delay, unavoidable, perhaps, that the negotiations did not ripen into a complete agreement. It is conceded that if there was no agreement, the plaintiff has no cause of action, or right to the land, or the possession of it; and became liable to the owner for the wrongful occupation thereof. The amount of damages assessed by the court as compensation for the use is not questioned. No objection was made to the right to interpose in this action a counterclaim for damages for the wrongful occupation of the land.

The judgment is affirmed. All concur.