## MAYNARD CRANE v. THE FIRST NATIONAL BANK OF McHENRY.

(144 N. W. 96.)

Trial was had of this action in equity before Honorable E. T. Burke, then district judge, who on December 29, 1910, signed written findings of fact, conclusions of law, and order for judgment in plaintiff's favor, and transmitted the same to plaintiff's attorneys, that they might prepare and cause the entry of the formal judgment by the clerk as directed in the order therefor and required by §§ 7078, 7079, Rev. Codes 1905. Judge Burke's term of office as district judge expired, and his successor qualified January 7, 1911. On January 24, 1911, the findings, conclusions, and order for judgment signed by Judge Burke during his term were filed and formal judgment thereon entered the day following. On defendant's application this judgment was subsequently vacated because of failure to comply with §§.7039, 7040, Rev. Codes 1905. *Held:*

**Finding — conclusions — judgment — must be in writing — must be filed.**
    1. Said statutes constitute the findings, conclusions, and order for judgment the final decision, and require the same to be in writing and filed.

**Findings — conclusions — judgment — revocation — court — unfiled — final. decision — filed with clerk — statutes — mandatory.**
    2. The unfiled findings and conclusions and order for judgment are sub-

ject to revocation by the court at any time before the same are filed, and do not become a final decision until deposited with the clerk of court for filing; and where not so filed during the term of office of the trial judge the decision is incomplete, and not made in law as required by the mandatory provisions of §§ 7039, 7040, Rev. Codes 1905.

**Filing — findings — conclusions — order — final decision.**

3: It is the filing of signed findings and conclusions and order for judgment that constitutes the final decision, which is effective only from the date of filing, and which is not made until deposited with the clerk for filing. The judgment entered was properly set aside on the application to vacate the judgment.

**Defendant — judgment — acquiescence — invalidity.**

4. The record examined and defendant *held* not to have acquiesced in the judgment, and not barred from urging its invalidity.

Opinion filed October 24, 1913. Rehearing denied November 21, 1913.

An appeal from an order of the District Court for Foster County, *Coffey,* J., vacating a judgment and granting retrial.

Affirmed.

*Pollock & Pollock,* for appellant.

There is no provision of statute in this state requiring the judge himself to file his decisions. Comp. Laws 1893, § 5066, as amended; Roblin v. Palmer, 9 S. D. 36, 67 N. W. 949.

The provision requiring the findings to be filed within thirty days is directory. Edmonds v. Riley, 15 S. D. 470, 90 N. W. 139.

The judgment in this case is not void because of failure of the judge to file findings, conclusions, and order for judgment, before the expiration of his term. When they were presented to the clerk of court, plaintiff was entitled to have his judgment entered. Code, § 7070; 23 Cyc. 839–c; Babcock v. Wolf, 70 Iowa, 676, 28 N. W. 490; Shenandoah Nat. Bank v. Read, 86 Iowa, 136, 53 N. W. 96; Carli v. Rhener, 27 Minn. 292, 7 N. W. 139.

The action of the clerk of court is purely ministerial, and not essential to the validity of the judgment. 1 Black, Judgm. 1891 ed. § 110; Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1017, 5 Am. Neg. Rep. 454; Mace v. O'Reilley, 70 Cal. 231, 11 Pac. 721; Connolly v. Ashworth, 98 Cal. 205, 33 Pac. 60.

It is the duty of a party knowing that a judgment has been entered

against him to exercise reasonable diligence to have it set aside. Relief will not be granted where he has knowingly acquiesced in the judgment, or been guilty of laches or unreasonable delay in seeking his remedy. Kemp v. Cook, 18 Md. 130, 79 Am. Dec. 681; Seibert v. Minneapolis & St. L. R. Co. 58 Minn. 72, 59 N. W. 828; 23 Cyc. 909–4.

If the proceedings under which the judgment was entered were irregular, such irregularity should be disregarded. Braithwaite v. Aikin, 1 N. D. 455, 48 N. W. 354; Green v. Hughitt School Twp. 5 S. D. 452, 59 N. W. 225; Hulst v. Benevolent Hall Asso. 9 S. D. 144, 68 N. W. 200; Wyman v. Werner, 14 S. D. 300, 85 N. W. 584; Ward v. Gradin, 15 N. D. 649, 109 N. W. 57; Dring v. St. Lawrence Twp. 23 S. D. 624, 122 N. W. 664.

*Watson & Young,* for respondents.

Findings, conclusions, and order for judgment signed by the judge do not become a valid judgment, unless filed and entered in the judgment book by the clerk of court, during the term of the judge who signed the same. Code Civ. Proc. 1905, §§ 7038–7045; Dowd v. Clarke, 51 Cal. 263; Garr, S. & Co. v. Spaulding, 2 N. D. 416, 51 N. W. 867.

A final judgment does not become such, until entered by the clerk in the judgment book. Re Weber, 4 N. D. 119, 28 L.R.A. 621, 59 N. W. 523; Brown v. Hathaway, 10 Minn. 303, Gil. 238; Washburn v. Sharpe, 15 Minn. 63, Gil. 43; Williams v. McGrade, 13 Minn. 46, Gil. 39; Hodgins v. Heaney, 15 Minn. 185, Gil. 142; Thompson v. Bickford, 10 Minn. 17, Gil. 1; Hunter v. Cleveland Co-op. Stove Co. 31 Minn. 505, 18 N. W. 645; Bowman v. Tallman, 28 How. Pr. 482; Knapp v. Roche, 82 N. Y. 366; Dibble v. Hanson, 17 N. D. 21, 114 N. W. 371, 16 Ann. Cas. 1210.

The judgment is *void* because of failure to file during term of office of the judge. Ludlow v. Johnson, 3 Ohio, 553, 17 Am. Dec. 609; Broder v. Conklin, 98 Cal. 360, 33 Pac. 211; Condee v. Barton, 62 Cal. 1; Pitman v. Thornton, 65 Me. 95; 11 Enc. Pl. & Pr. 828; Newbould v. Stewart, 15 Mich. 155; Cain v. Libby, 32 Minn. 491, 21 N. W. 739; Brady v. Burkee, 90 Cal. 1, 27 Pac. 52.

A court cannot correct an error after jurisdiction over the matter has passed from it. Ludlow v. Johnson, 3 Ohio, 553, 17 Am. Dec. 609.

Findings in themselves are not the judgment of the court.    18 Enc.
Pl. & Pr. 450; Andrews v. Welch, 47 Wis. 134, 2 N. E. 98; Seibert v.
Minneapolis & St. L. R. Co. 58 Minn. 72, 58 N. W. 828.

A judgment is of no effect until filed with the clerk, and is of no
effect if filed after the expiration of the judge's term.    Broder v.
Conklin, 98 Cal. 360, 33 Pac. 211; Hastings v. Hastings, 31 Cal. 95;
Connolly v. Ashworth, 98 Cal. 205, 33 Pac. 60; 23 Enc. Pl. & Pr. 839.

Where judgments are void for want of jurisdiction, the statutory time
limit of one year is no bar to the remedy.    Freeman v. Wood, 11 N. D.
1, 88 N. W. 721, 14 N. D. 95, 103 N. W. 392; Skjelbred v. Schafer,
15 N. D. 539, 125 Am. St. Rep. 614, 108 N. W. 487; Williams v. Fair-
mount School Dist. 21 N. D. 198, 129 N. W. 1027; 1 Black, Judgm.
§ 307, pp. 383–388; Feikert v. Wilson, 38 Minn. 341, 37 N. W. 585.

Goss, J.    This is an action in equity tried in the district court of
Foster county before the Honorable E. T. Burke, presiding judge.
Findings, conclusions, and order for judgment were signed by said dis-
trict judge on December 29, 1910, during his term of office, and forth-
with transmitted to the attorneys for plaintiff and appellant for filing
and preparation of judgment to be entered, and who caused the same to
be filed with the clerk of the district court of Foster county on January
24, 1911, some two weeks after said former district judge had qualified
as and assumed the duties of justice of this court.    On January 25,
1911, the clerk entered judgment in the name of the former district
judge pursuant to the findings, conclusions, and order for judgment as
filed on January 24th, Judge Coffey, meanwhile, having qualified as
judge of said district on January 7th.    An appeal from said judgment
was taken to this court and supersedeas bond filed.    Pending the ap-
peal a motion for vacation of the judgment was noticed but abandoned,
but later another motion to vacate was heard September 1, 1911, and
denied because of the pendency of the appeal.    On November 14, 1911,
said appellant procured its dismissal without prejudice to an appeal
upon the merits.    Subsequently, and on March 29, 1912, the defend-
ant again moved to vacate the judgment from which the appeal had
formerly been pending, which motion was granted and plaintiff appeals.

The findings, conclusions, and order for judgment were signed, and
had they been filed before the expiration of the term of office of the

trial judge no question as to their validity could have arisen. Does the omission to file them before the expiration of the term of office of the judge authorized to find the same invalidate the unfiled but exe- cuted findings, conclusions, and order is the first question for decision.

Secs. 7039 and 7040, Rev. Codes 1905, make the findings, conclu- sions, and order for judgment thereon the decision of the court. That findings and conclusions are necessary, and that the statutes requiring them are mandatory, see Gull River Lumber Co. v. School Dist. 1 N. D. 500, 48 N. W. 427; Gaar, S. & Co. v. Spaulding, 2 N. D. 414, 51 N. W. 867; Prondzinski v. Garbutt, 9 N. D. 239, 83 N. W. 23; and a late decision in South Dakota to the same effect in Kierbow v. Young, 21 S. D. 180, 110 N. W. 116.

But appellant contends that though findings, conclusions, and order for judgment are necessary, yet the statute does not require that the same necessarily be filed in order to be valid; and that the statute re- quiring the filing within sixty days after the cause has been submitted for decision is a directory provision, aimed more particularly at the expediting of court business in compelling judges to do their duty, and should not be interpreted so as to invalidate findings and conclusions properly found but filed as here after the termination of the office of the particular judge.

Time periods within which acts are required to be done are usually, in the absence of plain statutory commands to the contrary, construed as directory, and such undoubtedly is the construction to be given the time limit within which our statute requires a decision to be made. 8 Enc. Pl. & Pr. 949; Hayne, New Trials & App. § 246 and cases there cited. But the requirement of §§ 7039 and 7040, as to filing, concerns the manner of the pronouncing of the final decision of the court. Every judgment embodies two essentials: (1) The rendition of the judgment, and (2) the entry thereof after rendition. The first is the judicial act of the judge, the latter the clerical act of a ministerial officer, the clerk. Sec. 7040 explicitly provides that "in giving the decision the facts found and the conclusions must be separately stated. Judgment upon the decision must be entered accordingly." The statute here has ref- erence to these separate acts of rendition and entry of judgment, as does § 7039, more particularly under investigation, reading: "And upon the trial of any question or issue of fact by the court, its decision

thereon and conclusions of law upon such decision, and direction for entry of judgment in accordance with such conclusions, must be given in writing and filed with the clerk within sixty days after the cause has been submitted for decision, unless such decision is prevented for the reason hereinbefore stated, and judgment shall be entered by the clerk in accordance with such direction upon the application of the party entitled thereto and the filing of such decision and conclusions of law." The decision must be in writing and filed with the clerk in advance of and as a basis for the clerical duty of entering judgment. The filing is made by statute a necessary step or requisite in the decision, as much so as it is that it shall be in writing and shall consist of findings and conclusions. We are dealing with necessities for a valid judgment of record. The statute contemplates that the judgment entered shall rest upon a record basis, to secure which under the statute findings and conclusions must be filed. Until so filed no final decision has been made. In the language of Comstock Quicksilver Min. Co. v. Superior Ct. 57 Cal. 625: "It was not the signing but filing of the findings and order for judgment that determined the action." And again: "The cause was not determined until the findings and order for judgment were filed with the clerk." The contention there was that, because the findings and order for judgment were signed at a place without the jurisdiction of the court within which they were subsequently filed, they were void.

And an examination of our statutes is convincing that this statutory provision as to filing is a necessary requisite to a decision, inasmuch as it was intended to be a limitation upon the power of the trial court, and was never intended to be other than mandatory. Secs. 267–269 of the Code of Civil Procedure of 1877 of Dakota territory are substantially our present Code provisions, §§ 7041, 7040, and 7039, respectively, and appear there logically in reverse order to their statement in art. 6 of the Code of Civil Procedure of 1905. Sec. 267 of the Code of Civil Procedure of 1877 is identical with § 7040, Code of 1905, and § 268 of that early Code is identical with § 7041, Code of 1905, except that the third method provided in § 268, that findings might be waived "by oral consent in open court entered in the minutes," was repealed by chap. 25 of the Session Laws of 1887, which also made an important amendment to § 266, which before amendment read, "Upon

26 N. D.—18.

the trial of a question of fact by the court its decision must be in writ- ing and filed with the clerk within thirty days after the cause is sub- mitted for decision," by adding thereto the following words: "And no judgment shall be rendered or entered until after the filing of such decision." See § 5066, Comp. Laws 1887, changed to substantially its present form by chap. 89, S. L. 1893. The legislature thereby em- phasized the necessity of the filing of the decision. And the same amendatory act took from the court its power to cause its own record, its minutes, to show a waiver of findings, leaving as the only method for waiving of findings by parties appearing to be "by consent in writ- ing filed with the clerk," and which remains our present statute, § 7041. Certainly the legislative intent in enacting these early statutes was not to do other than limit the powers of the court, and, in order to do so, to declare requirements to compel the filing of the court decision and in advance of the entry of judgment thereon.

And our conclusions are but those of California under §§ 632–634 of its Code of Civil Procedure of 1877, that were identical, even to sec- tional division and punctuation, with §§ 266–268, respectively, of the Revised Codes of Dakota territory of 1877. Such early statutory pro- visions of California, we assume, came from still earlier practice provi- sions. See Russell v. Armador, 2 Cal. 305, purporting to be based upon "§ 180, chap. 5, of the practice act, (which) prescribes, that 'upon the trial of an issue of fact by the court its decisions shall be given in writing and filed with the clerk within ten days after the trial took place. In giving the decision the facts found and the conclusions of law shall be separately stated.' " And "we are of opinion that this law is not merely directory, and we have no right to destroy or impair its efficacy; it is intended by it, that the decision of the court shall be the basis of the judgment in the same manner as the verdict of a jury. And it follows that without such decision the judgment cannot stand." "Up- on the trial of an issue of fact by the court the statement of facts must be made out and filed as required by the 180th section of the practice act." This decision was in 1852. See also Vermule v. Shaw, 4 Cal. 214; Hastings v. Hastings, 31 Cal. 95; Warring v. Freear, 64 Cal. 54, 28 Pac. 115; Polhemus v. Carpenter, 42 Cal. 375; Broder v. Conk- lin, 98 Cal. 360, 33 Pac. 211; and Connolly v. Ashworth, 98 Cal. 205, 33 Pac. 60. If the statute was taken from California, as this

court in Gaar, S. & Co. v. Spalding, 2 N. D. 416, 51 N. W. 867, at page 419, has held, with the construction there given, before its adoption here, we must hold it to be adopted here with such construction entering into its interpretation, and the filing to be mandatory as a necessary part of the rendition of the decision. But independently of its source the California cases are persuasive as precedent. We briefly. review some of them. Comstock Quicksilver Min. Co. v. Superior Ct. 57 Cal. 625: "It is not the signing, but the filing of the findings, that determines the action." Hastings v. Hastings, 31 Cal. 95: "Until a decision of the court has been entered in the minutes or reduced to writing by the judge, and signed by him and filed with the clerk, a case has not been tried." Measured by this rule the trial of this case has never been completed. The court there declares: "This statute mode of deciding or evidencing the decision of cases is exclusive." And Broder v. Conklin, 98 Cal. 360, 33 Pac. 211, though distinguishable on facts from the case before us, in the syllabus declares: "A judgment does not become effective until filed with the clerk, and is of no effect if filed after the expiration of the judge's term, no matter when prepared and signed." This holding harmonizes with the many decisions of that court upon the subject. Connolly v. Ashworth, 98 Cal. 205, 33 Pac. 60, is to the same effect, that "the trial of a cause by the court is not concluded until the decision is filed with the clerk. And when the term of office of the judge who tried the case expires before such decision is filed, the fact that it was signed by him and ordered by his successor in office to be filed with the clerk, and was so filed, is not sufficient to sustain the judgment entered thereon;" citing and following Mace v. O'Reilley, 70 Cal. 231, 11 Pac. 721. Another strong precedent is Anglo-Californian Bank v. Mahoney Min. Co. 5 Sawy. 255, also reported in Fed. Cas. No. 392, where the controlling question was whether the findings became effective as the decision of the court on the 21st of June, 1877, when prepared, dated, and signed, and notice thereof announced to a board of bank directors, or whether they became effective on the following day on which they were filed, said board having authorized, between the two dates, the issuance and delivery of notes in suit for $7,500 to the plaintiff, and the judgment being for the removal of said directors from office. The case turned upon when the decision was actually made. The court, by Justice Field, says: "It

seems to us clear that the decree did not take effect until it was regularly filed, or entered of record. Until it left the possession of the judge of the court, he could change it in any and all particulars; he could add to it or limit or reverse it. By the oral decision he had only announced his opinion; that opinion did not take the form of an authoritative decree until it had been filed with the clerk and thus became a matter of record. Until then it was not binding upon anyone. The case was tried by the court without the intervention of a jury, and in such a case its findings must precede the entry of the decree, and the statute requires that they shall be filed with the clerk." Citing California Code of Civil Procedure, § 632. And this opinion, by affirmance, became that of the United States Supreme Court on the appeal in the same case, reported in 104 U. S. 192, 26 L. ed. 707, the opinion by Justice Harlan reading: "The decree of ouster against the persons who passed the resolution of June 21, 1877, did not take effect until the succeeding day, when it was actually filed with the clerk and entered on the record." In Warring v. Freear, 64 Cal. 54, 28 Pac. 115, we find: "Until such a decision has been made and filed, the case cannot be considered as tried;" citing Hastings v. Hastings, 31 Cal. 95. Again, in Polhemus v. Carpenter, 42 Cal. 375, that "the court had no power to render an oral decision, and the trial therefore was not ended until written findings were filed;" quoted with approval and followed in § 246, of Hayne on New Trial & Appeal, where that author states: "The cause, therefore, is not decided until written findings are filed;" and "the mere signing of the findings does not amount to a decision." Michigan, under similar statutory requirements, in People ex rel. O'Bluskie v. Circuit Judge, 34 Mich. 62, holds: "Where, on a trial by the court without a jury, written findings are requested, a judgment entered up before the findings are finally entered and filed is premature." See Ellis v. Rector, 32 Mich. 379. To the same effect, see Sturdevant v. Stanton, 47 Conn. 579. And in 23 Cyc. 776b: "It is essential to follow closely the directions of the statute, as, for instance, that the decision shall be given in writing and filed with the clerk, and that it shall contain a finding of the facts or statement of the grounds of the decision, although it seems that a direction that the decision shall be filed within a limited number of days after the submission of the case is only directory," notwithstanding an apparently contrary con-

clusion at 23 Cyc. 839c, based upon decisions mainly from states having no statutes regulative of the matter. And the New York holdings are the same as California on this question under a similar statute. See § 1010, Bliss, Anno. New York Code. Adams v. Fox, 59 How. Pr. 385. We quote from the opinion: "In determining this motion it becomes necessary to decide what is intended to be a 'decision' as used in these sections. Sec. 1010 provides that upon a trial by the court upon an issue of fact or of law its decision in writing must be filed in the clerk's office within twenty days after the final adjournment of the term where the issue was tried. . . . Sec. 1022 provides: 'That the decision of the court or the report of the referee upon the trial of the whole issue or fact must state separately the facts found and the conclusions of law, and it must direct the judgment to be entered thereupon.' The decision intended by these sections is the written findings of facts and the conclusions of law, and the direction, which is the authority for the final judgment to be entered, and must constitute part of the judgment roll. . . . Such findings and conclusions, when signed and filed, would constitute the decision of the cause, and when so made would have removed the cause from the authority of the trial court. Until such decision the case was within its authority and control, notwithstanding the signing and delivery of the instrument of January 10, 1879." (An opinion of court upon facts, and directing that findings and conclusions in accordance therewith be drawn up for signature.) See also Putnam v. Crombie, 34 Barb. 232; Burger v. Baker, 4 Abb. Pr. 11; Lewis v. Jones, 13 Abb. Pr. 427; Weyman v. National Broadway Bank, 59 How. Pr. 331; Benjamin v. Allen, 35 Hun, 115; Hodecker v. Hodecker, 39 App. Div. 353, 56 N. Y. Supp. 954, holding a provision as to filing mandatory, as well as all other portions of the present § 1010 of the New York Code. For similar holdings in other jurisdictions, see Wilson v. Rodewald, 61 Miss. 228; Russell v. Sargent, 7 Ill. App. 98; State ex rel. Chandler v. Allen, 235 Mo. 298, 138 S. W. 339 and for similar facts and holding see Cain v. Libby, 32 Minn. 491, 21 N. W. 739.

We conclude that the filing of findings, conclusions, and order for judgment is a necessary part, and the final act in the rendition of a decision. By filing we do not mean the affixing of filing marks by the clerk, a ministerial duty, but the delivery of the decision to the clerk

for filing and record, and constituting the same a part of the judgment roll. In this case the trial judge had gone out of office, and had been succeeded in office by another, without any final step in the rendition of judgment, the filing of the papers, or the delivery of the same to the clerk, for filing, having been taken; and for a period of weeks the signed but unfiled findings, conclusions, and order must have been as to filing subject to the order of the successor in office, and therefore dependent upon that official, a stranger to the trial, as to whether they should ever become the decision and a part of the record in the case. During such period such unfiled papers were subject to the control of the successor in office in other particulars and subject to amendment by him, they never having been placed in the proper repository, and never having become a final decision. Under such circumstances we cannot say that any final decision has ever been rendered by the trial judge during his term of office or at all without emasculating the statute, ignoring its history and probable sources, and refusing to follow the great weight of precedent. If the rule announced causes a needless retrial, it is only because the legislature has, by plain and mandatory statute, so required and the remedy is with it. To hold otherwise is to judicially legislate.

But it may be well to here briefly analyze the cases that at first blush might seem to support the contention of the appellant. It is noticeable that these citations are from states having no statute purporting to make the filing a part of the rendition of a decision. We observe, also, that most of these decisions turn upon a construction given to the stipulation governing the submission of the cause for decision; and that the leading Iowa case, Babcock v. Wolf, 70 Iowa, 676, 28 N. W. 490, cited as supporting appellants' contentions, and also cited in 23 Cyc. 839, to the same effect, actually recognizes the contrary to be the general rule. The following from 70 Iowa, at page 679, 28 N. W. at page 491, is all of the majority opinion of the court on the question:

"It is urged that the decision was void because it was made after the expiration of the term of office of the judge. The argument is that the decision made and reduced to writing at Afton before the expiration of the term of office was not complete, and no decision could be made until the writing was actually filed and deposited in the clerk's office. In determining this question, regard must be had to

the fact that the case was to be decided in vacation. The judge had all of the testimony and papers in the case at his home at Afton. As we understand it they were sent to the clerk in the same package with his decision. It was not to be expected that he would make his decision at Clarinda [the county seat] in vacation, and with his own hands deposit it with the clerk. The expectation must have been that he would make his decision at his own home, where the evidence and files in the case were. But wherever made, there must be some means of transmitting it to the clerk at Clarinda. Now we think the decision *was made when it was deposited in the express office at Afton.* Under the agreement of the parties, it was as complete then as if there had been no agreement and the judge had entered a decision in his minutes in open court, because the parties agreed that the decision was not to be made at Clarinda. . . . It is argued *that the decision was subject to recall at any time until it was filed, and for this reason the filing or depositing with the clerk was necessary to a complete decision.* But it was not recalled, and this fact shows, beyond question, that it was a deliberate decision *made and completed before the expiration of the term of office.* A court has power to correct its records during the term; but because this power exists, and because its exercise may materially change decisions made during the term, is no reason why judgments are not final and binding upon the parties from the day in the term on which they are rendered."

In the opinion of the two justices dissenting, we find the following:

"In my judgment the decision made by a judge in a cause which has been submitted to be determined in vacation is of no force or effect until it is deposited in the office of the clerk. Until that is done, it is subject to recall by the judge. But in this case the decision was not filed until after the expiration of Judge Gregory's term of office. It is a judgment from that date; but at the time he was not a judge, and his decision is of no more force and effect than that of any other citizen would have been. The majority say that it is binding as a judgment *from the time it was deposited with the express company* to be transmitted to the clerk. I think that position is not sound. . . . It was forwarded by the express company after the term of office of Judge Gregory had expired; but the majority say that the presumption should be indulged that he did not assume to perform the duties of the office

after the expiration of his term had expired. But I do not see upon what ground such presumption should be indulged. If we are to indulge in presumptions, it seems to me that we should presume, from our knowledge of the manner in which business is transacted, that the express company forwarded the package on the day on which it received it."

And as bearing on the above opinions of the court we quote the facts of the case as given in the opinion, as follows:

"The term of Judge Gregory expired on the 31st day of December, 1884. On the 29th of that month he prepared a written decision of the case at his home at Afton, by which he ordered that the petition be dismissed. This decision *was deposited in the office of the American Express Company at Afton, directed to the clerk of the circuit court at Clarinda.* The package was billed from the office at Afton on the 1st day of January, 1885, and was received by the clerk of the court and filed on the next day. At what time it was delivered to the express company at Afton does not appear. *We think it is fair to presume, however, that it was deposited in the express office at Afton before the expiration of the term of office of the judge.* Any other presumption would, in effect, be holding that the act of making the decision was a wrongful usurpation of judicial power, and the law does not presume that persons do wrongful acts." (The italics in the foregoing are ours.)

The above quotations emphasize the importance placed upon the presumed fact, that the judge delivered his decision to the express company for transmission to the clerk for filing before the expiration of his term of office. In effect the court makes such delivery to the express company a filing with the clerk, as though the express company was the agent of the clerk in the transmission of the record and decision to the clerk. This appears from the statement in the opinion, that "now we think the decision was made when it was deposited in the express office at Afton. Under the agreement of the parties it was as *complete* then as if there had been no agreement and the judge *had entered a decision in his minutes in open court,* because the parties *agreed that the decision was not to be made at Clarinda."* Thus, the decision is made to turn upon the effect of the stipulation for submission of the cause, and the fact of the delivery to the express office under the presumption

indulged that such delivery was during the term of office of the judge. And the court recognizes as the law what we deem to be the controlling principle in this case on trial, by the following: "It is argued that the decision was subject to recall at any time until it was filed, and for this reason the filing or depositing with the clerk was necessary to a complete decision." This is all respondents contend for, and, to that extent at least, Babcock v. Wolf supports our holding.

In Shenandoah Nat. Bank v. Read, 86 Iowa, 136, 53 N. W. 96, between different parties, an attempt was made to collaterally assail the holding in Babcock v. Wolf, the court adhering to its former decision, and stating: "For the reasons given in that opinion we hold the decree to be valid." The earlier case of Tracy v. Beeson, 47 Iowa, 155, would be authority had these findings, conclusions, and order, during the tenure of office of the trial judge, been transmitted to the clerk, who had on their receipt, during term time, made a notation on his minutes of the decision but failed to file the decision, and turned the same over to his successor without the indorsement of filing thereon. The court held that the succeeding trial judge could make an order directing the filing *nunc pro tunc* to supply the omission of the ministerial duty of the clerk of placing the filing marks upon the papers. And in considering the Iowa cases we must remember that under Houston v. Trimble, 3 G. Greene, 574, a decision entered in the minutes constitutes a sufficient decision of a cause, and that written findings are unnecessary unless requested; which on the contrary, under our statute, written findings, conclusions, and order for judgment have been held, since Gull River Lumber Co. v. School Dist. 1 N. D. 500, 48 N. W. 427, and Gaar, S. & Co. v. Spaulding, 2 N. D. 414, 51 N. W. 867, and Prondzinski v. Garbutt, 9 N. D. 239, 83 N. W. 23, to be mandatory. McDowell v. McDowell, 92 N. C. 227, is in facts and law parallel to the case of Tracy v. Beeson, and to the effect that an order *nunc pro tunc* may be issued to cure the record concerning the performance of a ministerial act, when the act itself has in proper season been actually performed, that the record may truthfully reflect the fact that the decision was rendered in time. Hamill v. Gibson, 61 Ala. 261, is scarcely authority for appellant's contention, inasmuch as that decision is made to turn upon the force given to a stipulation, in effect, that the "decision be made in eight weeks and entered up as of the

present term of this court;" and that as "within eight weeks from the submission" the judgment was reduced to writing, but not filed until the succeeding term of court after the expiration of the official term, the decision was made in time under the terms of the stipulation, and valid.  The court says:

"The limitation of time [by stipulation] within which the decision was to be made was doubtless introduced for the purpose of obtaining a judgment at as early a period as was supposed practicable, and quieting the litigation; but it extends only to the time within which judicial power could be exercised, and does not impose as a condition to the validity of its exercise that the judgment should be filed with the clerk of the court to be entered of record within the time mentioned.  The terms of the submission were satisfied when the judge, within eight weeks, reduced his decision and judgment to writing, so that it could at a future date be entered of record."  This was apparently under the common-law practice concerning the rendition of judgments during the term, and was not said with reference to any statute such as ours, the construction of which is the all-important question.  Without this mandatory statute, the case at bar might assume an entirely different aspect. A review of authorities will not be complete without mention of Storrie v. Shaw, — Tex. —, 75 S. W. 20, 76 S. W. 596, wherein it is held that, after the submission of a cause to a court during the term of office of the trial judge, the right to formulate and file a decision in the cause survives the expiration of his term, as does, under one set of conflicting authorities, the right of the trial judge to settle a statement of the case after the expiration of his term of office.  The court there calls attention to the conflict of authority on the latter question, but concludes that, inasmuch as in that state it is held that at common law the right to so settle a statement after the expiration of the term survives in the trial judge, it would hold, as it did, that the right to render a decision after the expiration of the term was analogous thereto, and hence validated such a decision.  But we can find no further authority so holding, and the reason for the holding wholly disappears when we find the analogous right to settle a statement to be one here conferred by statute, without which statute the right would not exist, otherwise the legislature must be convicted of an idle act in the legislation granting the right.  Especially is this so when we find that a square conflict

of authority existed in common law as to whether such right to settle a statement so survives, and that the legislature has, by § 7061, Rev. Codes 1905, declared in favor of its survival, and authorized a judge to "settle and sign a statement of the case after as well as before he ceases to be such judge." The source of this statute is, like the provisions concerning the findings, conclusions, and order for judgment, in the Revised Codes of Dakota territory of 1877, to be found therein as § 284 of the Code of Civil Procedure. Hence Storrie v. Shaw cannot be considered authority, as the basic grounds for that decision are negatived by the existence of § 7061, Rev. Codes 1905. At 23 Cyc. 839, it is stated that "if a judgment or decree was actually rendered or settled before the expiration of the term of office of the judge trying the case, it is generally held to be immaterial that it was not filed or entered of record until afterwards; the judicial act being the rendition of the judgment, and its entry being merely ministerial." But the cases cited to sustain the conclusion drawn are those above analyzed, and cited as *contra* the California, Illinois, and Mississippi decisions. And the general statement of the learned author was evidently made without reference to statutory requirements concerning filing, as appears from the fact that the cases cited are decisions in which statutes prescribing filing were not under consideration.

We may add that our conclusions are but in harmony with our holdings upon analogous statutes, §§ 7078, 7079, Rev. Codes 1905, held mandatory, and requiring the entry of record of the judgment by the clerk to constitute, for all purposes, a judgment. Re Weber, 4 N. D. 119, 28 L.R.A. 621, 59 N. W. 523; Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1016, 5 Am. Neg. Rep. 454; McTavish v. Great Northern R. Co. 8 N. D. 333, 79 N. W. 443; Amundson v. Wilson, 11 N. D. 193–195, 91 N. W. 37; Hagler v. Kelly, 14 N. D. 218, 103 N. W. 629; Re Lemery, 15 N. D. 312, 107 N. W. 365; Dibble v. Hanson, 17 N. D. 21, 114 N. W. 371, 16 Ann. Cas. 1210; Ottow v. Friese, 20 N. D. 86, 126 N. W. 503; Movius v. Propper, 23 N. D. 457, 136 N. W. 942. In the above cases latitude will be found as to the form of the instrument constituting the judgment entered, but none as to the mandatory requirement of the statute that it shall be entered of record to constitute a judgment. The legislative scheme provides for absolute verity in judgments and the record proof thereof by mandatory

requirements. We can see no sound reason for holding the statute requiring the filing of findings and conclusions to be regarded differently from that portion of the same statute requiring them to be given in writing. They shall be both found and filed to constitute the decision of the court. Nor can such statutory requirements concerning the rendition of the decision be distinguished in principle from those governing the ministerial duties of the clerk in the entry of the judgment rendered. This court has repeatedly held the statute mandatory as to the necessity for written findings, conclusions, and order for judgment, as it has the necessity for the entry of the formal judgment of record in the judgment book. And this is precedent if we would be consistent in the interpretation of these statutes, that they be held mandatory as to the requirement for filing of the findings, conclusions, and order for judgment as a part of the decision, and without which it is incomplete.

Appellant also invokes § 6886, Rev. Codes 1905, to the effect that the court shall disregard errors not affecting the substantial rights of the parties. This on the theory that the failure to file was a mere technicality or trivial defect. To this we cannot agree without holding mandatory statutes to be technical, trivial, and unnecessary. This was for legislative determination, and their mandate is not for us to ignore.

The order vacating the judgment should be, and it is accordingly, affirmed, respondent to recover costs on appeal.

BURKE, J., disqualified, and not participating.

BRUCE, J., dissenting. I am unable to concur in the above opinion. *There was an order for judgment, and there were findings of fact and conclusions of law, which were signed by the district judge* during his term of office. There is no charge or intimation that the findings and conclusions and order for judgment which were filed, were tampered with in any way. During the term of office of the judge they were delivered to counsel for the purpose of being filed. There was no intimation or hint that the acts of the judge were not final, or that he desired to retain any further control of the findings, conclusions, and order. The presence of all of these facts clearly takes the case out of the

authority of Connolly v. Ashworth, 98 Cal. 205, 33 Pac. 60; Macnevin v. Macnevin, 63 Cal. 186; Broder v. Conklin, 98 Cal. 360, 33 Pac. 211; Mace v. O'Reilley, 70 Cal. 231, 11 Pac. 721; and I believe of all of the cases cited in the principal opinion except that of Russell v. Sargent, 7 Ill. App. 98, which was handed down by an intermediate appellate court whose decisions are only controlling in a limited district.

In 23 Cyc. 839-C, we find the following: "If a judgment or decree was actually rendered or settled before the expiration of the term of office of the judge trying the case, it is generally held to be immaterial that it was not filed or entered of record until afterward, the judicial act being the rendition of the judgment, and its entry being merely ministerial." In Babcock v. Wolf, 70 Iowa, 676, 28 N. W. 490, we find the following: "It is argued that the decision was subject to recall at any time until it was filed, *and for this reason the filing or depositing with the clerk was necessary to a complete decision; but it was not recalled, and this fact shows beyond question that it was a deliberate decision made and completed before the expiration of the term of office.* A court has power to correct its records during the term, but because this power exists and because its exercise may materially change decisions made during the term, is no reason why judgments are not final and binding upon the parties from the day in the term on which they are rendered." This decision was affirmed in Shenandoah Nat. Bank v. Read, 86 Iowa, 136, 53 N. W. 96.

It does not appear to me that our statute changes the general law in any way, nor can I understand the fear expressed in the principal opinion that, by sustaining the judgment and saving the delay and expense of a new trial, we would be guilty of the offense of judicial legislation. If this, which to me would merely be sane judicial construction, would be judicial legislation, then it appears to me that by refusing to do so we will further judicially legislate in relation to a statute concerning which, on a parity of reasoning, this court has already been guilty of the offense charged. This court has already held, and the opinion in chief affirms the holding, that the legislature, in enacting the statute in question, did not intend the strict meaning of the words therein used, and that the clause "must be given in writing and filed with the clerk within sixty days after the case has been submitted for decision," was directory, and not mandatory, in relation to

the sixty days. We are now asked to technically construe the word "filed" when we have shown the greatest laxity in relation to the words "sixty days." The statute does not provide that the decision must be filed by the judge himself or within the term, and the opinion in effect adds thereto the words, "personally by the judge," and "during his term of office." The majority decision may state the correct law and the correct conclusion, but it certainly cannot be based upon the wording of the statute, especially after that statute has already been emasculated by judicial construction. I am perfectly willing to concede that no judgment can be effective until it is filed and entered, but I cannot believe that a wise and economical administration of the law justifies the vacation of a judgment which, beyond question, expresses the deliberate decision and complete act of the trial judge under circumstances such as those before us. Even the supreme court of California has conclusively held that the continued existence of the judge is not necessary to the act of the clerk in entering the judgment. In other words, that in such a case the clerk acts for the court and for the law, and not as an agent of the trial judge. See Holt v. Holt, 107 Cal. 258, 40 Pac. 390; Re Cook, 77 Cal. 220, 1 L.R.A. 567, 11 Am. St. Rep. 267, 17 Pac. 923, 19 Pac. 431; Baker v. Brickell, 102 Cal. 620, 36 Pac. 950. See also 18 Enc. Pl. & Pr. p. 447; Roberts v. White, 7 Jones & S. 272; Storrie v. Shaw, — Tex. —, 75 S. W. 220; Hamill v. Gibson, 61 Ala. 261; Edmonds v. Riley, 15 S. D. 470, 90 N. W. 139. So, too, although the matter was raised by motion to vacate a judgment, the proceeding was, to all intents and purposes, an equitable one. The motion was not made until fourteen months after the entry of the judgment, and is purely technical. There is no showing of any loss or injury suffered, nor of any injustice arising from the alleged irregularity. Either I totally misunderstand the cases of Halverson v. Bennett, 22 N. D. 67, 132 N. W. 434, and Murphy v. Minot Foundry & Mach. Co. 24 N. D. 185, 139 N. W. 518, or the motion should have been denied.